HIRAM C. MC INTYRE AND SAMUEL KINGSBURY *v.* LEWIS WARD.

A. executed a mortgage of land to B. and subsequently conveyed the same land, by deed with covenant of warranty against incumbrances, to C.; C. executed a quitclaim deed of the land to D., who conveyed the same land to E., by conditional deed with covenants of warranty, and the title to the land subsequently came, through intermediate grantees, to H. The deeds described the land as lot No. 40; but by mistake the original grantee had taken possession of lot No. 39, supposing it to be No. 40, and the subsequent grantees continued to retain possession of the same lot for more than thirty years. B. brought a bill in chancery against D. and H. for the purpose of having the mortgage corrected as to the description, and for a foreclosure, and obtained a decree accordingly. D. and H. applied to A. to settle the debt, and he promised to do so; but, A. neglecting to make payment, D. and H., being unable to agree which of them was most liable to pay the amount due upon the decree, paid it jointly. And it was held, that they might jointly maintain an action of *indebitatus assumpsit* against A. to recover the amount so paid.

INDEBITATUS ASSUMPSIT for money paid, laid out and expended. Plea, the general issue, and trial by the court,—REDFIELD, J., presiding.

On trial it appeared, that, on the twenty sixth day of October, 1805, Elisha Randall conveyed to Ira Haskins the north one hun-

McIntyre et al. *v.* Ward.

dred acres of lot No. 40 in the third division in Moretown, and that Haskins, by mistake, took possession of lot No. 39, supposing it to be No. 40, and continued in possession until his decease, in 1811, when the land was assigned to his daughter Zilpha Ann Haskins, who afterwards married Lorenzo D. Herrick. On the eighth day of December, 1832, Zilpha Ann Haskins conveyed the land, by quitclaim deed, to the defendant, and the defendant, on the twenty ninth day of December, 1832, executed to her a mortgage deed of the premises, to secure the payment of certain promissory notes. The defendant, on the twelfth day of October, 1833, conveyed the premises, by deed with covenant of warranty against incumbrances, to Nehemiah Barnet. On the seventeenth day of May, 1838, Barnet conveyed the premises, by quitclaim deed, to the plaintiff Mc-Intyre. On the eighteenth day of September, 1838, Mc Intyre, by a conditional deed, with covenants of warranty, conveyed the premises to Patrick Calvey, who conveyed them, on the twentieth day of March, 1839, to the plaintiff Kingsbury. It also appeared, that these different grantees continued to retain possession of lot No. 39, supposing it to be No. 40, and that the mistake was not discovered until within three or four years previous to the commencement of this action; that the occupants had recently cleared and enclosed a few acres of land on lot No. 40, adjoining lot No. 39 ; and that the plaintiff Kingsbury now claimed to hold both lots,—one by possession, and the other by deed. At the December term, 1841, of the court of chancery in Orange County, Herrick and his wife brought their bill in chancery against the plaintiffs, to obtain a correction of their mortgage deed, so as to cover lot No. 39 instead of lot No. 40, and also to obtain a decree of foreclosure of the equity of redemption, and obtained a decree upon both points. And the plaintiffs, not agreeing which of them was most liable to pay the amount found due by the decree, paid the amount jointly, and commenced this action to recover the amount from the defendant. It also appeared, that the plaintiffs, before making the payment, requested the defendant to pay the debt to Herrick, and that he promised that he would do so.

Upon these facts the county court rendered judgment for the defendant. Exceptions by plaintiffs.

McIntyre et al. *v.* Ward.

*O. H. Smith* and *L. B. Peck* for plaintiffs.

1.   Actions of *indebitatus assumpsit* are resorted to, as substitutes for bills in chancery, and are encouraged, whenever the law affords no other remedy, and where a court of equity would compel the defendant to pay to the plaintiff money, which the latter has been compelled to pay for his benefit.   *Wright* v. *Butler*, 6 Wend. 284. When a man is under a moral obligation to pay a debt, which cannot be enforced by a court of law, or equity, yet if he promises to pay, he will be bound.   We insist, that the defendant was under a clear and undoubted moral obligation to pay off the incumbrance upon the land, and thereby relieve the plaintiffs from the necessity of paying the debt, which it was his duty to pay, and that he is therefore bound by his promise made to the plaintiffs.   *Barlow* v. *Smith et al.*, 4 Vt. 139.   *Glass* v. *Beach*, 5 Vt. 172.   *Blodget* v. *Skinner*, 15 Vt. 716.   *Suffield* v. *Bruce*, 2 Stark. R. 175.   Chit. on Cont. 47, n. 1.

The payment made by the plaintiffs operated as an extinguishment of the mortgage and was a payment of the defendant's debt by compulsion.   *Eaton* v. *Simonds*, 14 Pick. 104.   *Coates* v. *Cheever*, 1 Cow. 460.   *James* v. *Morey*, 2 Cow. 301.   There being an unqualified covenant against incumbrances in the deed from the defendant to Barnet, it was broken at once by the existence of the outstanding incumbrance.   *Potter* v. *Taylor*, 6 Vt. 676.   *Judevine* v. *Pennock*, 14 Vt. 438.   The incumbrance not having been removed, the quitclaim deed from Barnet would amount to an equitable assignment of his interest in the covenant, and an action might be maintained thereon by any purchaser under him, who should discharge the mortgage debt.   An assignee is not bound to bring his suit on the original cause of action, in cases where there is an express promise.   A promise to pay the assignee of a *chose in action* entitles him to sue in his own name, in assumpsit, whether the contract assigned be a simple contract, or a specialty.   *Mowry* v. *Todd*, 12 Mass. 280.   *Compton* v. *Jones*, 4 Cow. 13.   *McGregor* v. *Walden*, 14 Vt. 450.   *Moar* v. *Wright*, 1 Vt. 57.   *Bucklin* v. *Ward*, 7 Vt. 195.   *Hodges* v. *Eastman*, 12 Vt. 358.

2.   We insist, that the plaintiffs are entitled to recover on the ground that the payment by them was compulsory.   Chit. on Cont. 179, 591.   *Wells* v. *Porter et al.*, 7 Wend. 119.   In accordance

McIntyre et al. *v.* Ward.

with this principle it has been decided, that, if land, owned in severalty by different persons, be charged with a legacy, and any one of them be compelled to pay the whole, he will be entitled to a contribution. *Swasey* v. *Little*, 7 Pick. 296. So, too, where a person paid off a mortgage debt to secure his equitable interest in an estate, acquired at a sheriff's sale, and afterwards released to the mortgagor all the right which he acquired at such sale, it was held that he might, in this form of action, recover the amount so paid. *Gleason* v. *Dyke*, 22 Pick. 390.

*Heaton & Reed* for defendant.

1. In law the plaintiffs have sustained no injury. They hold the lot No. 40, which was deeded to them, free from incumbrance, and under the defendant's deed. This is clearly an attempt to enforce a deed of lot No. 40 against lot No. 39, on the ground of mistake. There should be a resort to chancery to reform the deed to its intended terms, before the intent can be enforced at law. *Bell* v. *Morse*, 6 N. H. 205.

2. The proceedings in chancery, in favor of Herrick and his wife against the plaintiffs, were *inter alios*, and are not conclusive upon the defendant, either as to the amount due to the orators from the defendant, or as to anything else. 1 Stark. Ev. 191, and cases cited in notes.

3. If the plaintiffs have any legal claim against the defendant in regard to the mortgage, they have security of a higher nature in the covenants of warranty of the defendant's deed, and must resort to them, if they sue at law, although an express parol promise had been made. 1 Chit. Pl. 117. *Miller* v. *Watson*, 5 Cow. 195. *Banorgee* v. *Hovey et al.*, 5 Mass. 11. *Codman et al.* v. *Jenkins*, 14 Mass. 93. *Richards* v. *Killman*, 10 Mass. 239. *Andrews* v. *Montgomery*, 19 Johns. 162. *Young* v. *Preston*. 4 Cranch. 239. And that the covenants in the defendant's deed are available to the plaintiffs, to protect all their legal rights, is well established. *Sprague* v. *Baker*, 17 Mass. 586. *Williams* v. *Wetherbee*, 1 Aik. 233. *Suydam* v. *Jones*, 10 Wend. 180.

4. The promise of the defendant, which was proved, places the plaintiffs in no better position, than they were without it. There was no new consideration. *Miller* v. *Watson*, 7 Cow. 39. There

McIntyre et al. *v.* Ward.

certainly was no *actual request* to the plaintiffs to pay and none can be *implied.* As evidence, merely, it proves nothing. As a special contract, it is not sued. *Miller* v. *Watson,* 4 Wend. 267.

5. The joinder of these two plaintiffs, grantor and grantee, who have no *joint legal interest,* except such as they have volunteered, might be urged as an objection to this suit.

The opinion of the court was delivered by

WILLIAMS, Ch. J. From the several deeds and the decree in chancery, which were in evidence, it is evident, that, although Ward was not a party to the decree of foreclosure obtained by Herrick and his wife against the plaintiffs in this suit, so as to be affected by that decree, yet that the land, which was deeded to him by Zilpha Ann Haskins, and which he mortgaged to her by the name of Zilpha Ann Herrick, was the same land which he deeded to Barnet with covenants of warranty, and which Barnet quitclaimed to McIntyre, one of the plaintiffs. In the deed from Zilpha Ann to the defendant, of December 8, 1832, it is called No. 40; yet it is also described as an estate, which she derived from her father,—which it now appears was lot No. 39, and not No. 40. The defendant neither shows, nor claims, any other title, than what he took from her. It is also evident, that it was his duty to pay the amount due on the mortgage he executed to her on the twenty ninth of December, 1832; he executed the notes, it was his debt to pay, and was not excepted in his deed to Barnet; and moreover he repeatedly promised the plaintiffs to pay the same, before they paid the amount of the decree.

The plaintiffs, when they paid the amount of the decree made in the case of Herrick and wife against them, paid the debt of the defendant, and which he ought to repay to them. It was money paid for his benefit, and for which this is the proper and appropriate action, unless there are some legal obstacles in the way of a recovery.

In the first place, the payment cannot be considered as purely voluntary. By the decree in chancery it became necessary for these plaintiffs, or one of them, to pay the decree founded on the mortgage, or the estate would have become absolute in Herrick and his wife, and they would have lost all their interest therein.

In the second place, this defendant had himself promised the

McIntyre et al. *v.* Ward.

plaintiffs to pay and settle this very debt; and they having paid the debt of the defendant, which he promised to do himself, it cannot be considered as a voluntary payment, but rather as paid at his request.

In the third place, these plaintiffs were so situated, that it was a matter of prudence for them to join in the payment of the decree founded on the mortgage. The title had not absolutely passed from McIntyre to the other plaintiff, Kingsbury. Both had an interest to have the title clear, and the mortgage satisfied; and if both united to pay the defendant's debt, it is not for him to say they may not unitedly and jointly maintain an action therefor, if there are no other impediments in the way of their maintaining this action.

But, in the fourth place, it is most strongly urged, that the plaintiffs cannot have this action, but must resort to an action of covenant in the name of one or the other of these plaintiffs. In answer to this we say, that it is not certain, that these plaintiffs, or either of them, have any such action against the defendant. He deeded to Barnet by deed with the usual covenants. As there was an incumbrance on the land, the covenant was broken at the time, and did not pass to the plaintiff McIntyre by Barnet's deed. Barnet, never having extinguished the incumbrance, could only recover nominal damages, unless we could say, that the payment, which these plaintiffs made in satisfaction of the decree, was a payment made by him,—a fiction not supported by the facts, or the law, and to which it is unnecessary to resort, to defeat this action.

The covenant of warranty, contained in the defendant's deed to Barnet, which alone has passed to McIntyre, has not been broken. The payment made by the plaintiffs upon the mortgage was to prevent an eviction. We do not see that the plaintiffs, or either of them, have or can maintain any action of ejectment against the defendants; and we are not disposed to turn them over to a doubtful remedy in the name of another, when we think they have a remedy in this action. By a bill in equity the plaintiffs might undoubtedly have compelled the defendant to do what he promised them he would do, that is, pay his debt to Zilpha Ann Herrick, and thus release the estate from that incumbrance, or might now compel him to refund to them what they have paid for him. This, however, would have rested on the same ground as that on which they attempt to

Wheelock et al. *v.* Doolittle et al.

charge the defendant in this action, viz., that it was his duty to pay the incumbrance ; and on this ground the remedy in this action is as effectual and complete.

The plaintiffs, who have jointly paid the debt of the defendant, under the circumstances detailed in the case, are entitled to recover in this action.   The decision of the county court, adverse to their recovery, was incorrect.

How much the defendant is under obligation to pay, whether he is bound by the decree, to which he was not a party, but of which he had notice, and what is to be the effect of his promise to settle the debt, or whether the whole amount decreed was actually due on the mortgage, are questions which will arise on the assessment of damages.

The judgment of the county court is reversed.

REDFIELD, J., dissenting.