[No. 7,983.—Department One.]

## H. A. LOGAN v. THOMAS I. TALBOT.

MONEY PAID FOR THE USE OF ANOTHER—ASSUMPSIT—SURETIES.—One who is legally compelled to pay money which another is under legal liability to pay, can maintain an action against him for money paid to his use.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Colusa. HATCH, J.

A petition for hearing in bank was filed in this case after judgment and denied.

*Goad, Albery & Goad,* and *Richard Bayne,* for Appellant.

There is no evidence whatever, that plaintiff ever, at any time, paid out money for the use, or at the request of defendant. To sustain the common count for money paid by the plaintiff for the defendant's use and at his request, it is essential that the plaintiff should have paid money for the defendant. (1 Chit. Pl., 14th Am. ed., from 6th Lond. ed., § 350; Chit. on Con., 9th Am. ed., 515 ; 2 Greenl. Ev., 9th ed., § 113.)

If plaintiff had, as accommodation indorser, paid the Montgomery note in full, then he could, by a proper action, have compelled the defendant to contribute the amount of his liability, as such indorser, upon the note. (C. C., § 1432; C. C. P., § 709.)

There is a fatal variance between the proof and the allegations of the complaint. (C. C. P., §§ 469, 1868.)

Plaintiff alleges a cause of action under the general *indebitatus assumpsit* for money paid, while the proofs, if they establish anything, establish a special contract upon which no recovery can be had in an action for money paid. (1 Chit. Pl., 14th Am. ed., §§ 355, 356 ; 2 Chit. on Con., 11th Am. ed., 881; Saund. Pl. and Ev., 5th Am. ed., marginal page 409; 2 Greenl. Ev., § 103. And see also *Gyle* v. *Shoenbar,* 23 Cal. 538.)

To sustain plaintiff's action would be to "substantially enable him to recover as for breach of a valid express contract in a simple action of *assumpsit* upon an implied contract." (*Fuller* v. *Reed,* 38 Cal. 110.)

The plaintiff having paid out money upon his own legal liability, the law implies no promise on the part of the defendant to reimburse him. (Chit. on Con., 9th Am. ed., § 52; 1 Chit. Pl., 14th Am. ed., §§ 355, 356; 2 Chit. on Con., 11th Am. ed., 881; 2 Saund. Pl. and Ev., 5th Am. ed., marginal p. 409.)

*A. L. Hart,* for Respondent.

The land conveyed constituted a fund in the hands of the defendant with which, or in lieu of which, it was his

duty, under his agreement, to pay the whole of the indebtedness due on said note. The effect of the agreement between the plaintiff and defendant was to make the indebtedness which was the subject of their contract, as between them, the debt of the defendant alone, which, in equity and good conscience, he was bound to pay. The action of *assumpsit* for money paid always lies where the plaintiff has been compelled to discharge a debt of the defendant for which the plaintiff has become legally liable. (2 Greenl. Ev., 10th ed., 114; *Toussaint* v. *Martinnant,* 2 T. R. 100; *Gibbs* v. *Bryant,* 1 Pick. 121; *Whitwell* v. *Brigham,* 19 Id. 120; 1 Estee's Pleadings, 363.)

ROSS, J.:

Plaintiff and defendant were sureties on a certain promissory note, executed by one Worland to one Montgomery. Worland became embarrassed, and to protect them from loss as far as possible, proposed to convey to plaintiff and defendant certain land. It was finally agreed between the parties that Worland should convey the land to the defendant, and that the latter should start Worland in the sheep business, and that the first money defendant realized from the sheep he should apply to the payment of the Montgomery note. The land was accordingly conveyed to the defendant, and he started Worland in the business. Defendant subsequently realized money from the sheep, but failed to apply it on the note. The result was that Montgomery commenced suit on the note, and the plaintiff had to pay thereon two thousand nine hundred and eight dollars, in gold coin, and the defendant a like sum. Plaintiff thereupon commenced the present action against the defendant, to recover the sum so paid by him, alleging that he had paid the money to and for the use and benefit of the defendant, and at his request, and that the latter agreed to repay the same out of the amount realized from the sheep, which amount he had realized, but had not paid.

Having received the money to pay the debt, defendant could not in conscience, and ought not in law, to keep it. And, as substantially said in a similar case (*Draughan* v. *Bunting,* 9 Ired. 13), the plaintiff, who was forced to pay Montgomery, can truly allege that he has paid money which

the defendant was under legal liability to pay, in consequence of the receipt of the money, and this, according to the authorities, gives him the equitable action, as it is termed, for money paid to the use of defendant. (See, also, *Twyne's Case*, Smith's Leading Cases, 1st vol. 55, note and cases there cited; 2 Greenl. Ev. § 114.)

Other points are made for appellant, but we think them untenable.

Judgment and order affirmed.

MYRICK and McKINSTRY, JJ., concurred.