# CHARLESTON.

## CLATOR *v.* OTTO.

Submitted June 8, 1893.—Decided November 11, 1893.

1. EVIDENCE.

   In order to exclude evidence of oral agreement on the ground that the parties later entered into a written contract, the oral agreement must relate to the same agreement embodied in the written contract.

2. LANDLORD AND TENANT.

   Where a lease provides that for non-payment of rent the lease shall be forfeited and surrendered on ten days' notice, and the lessor demands rent in arrear, and the lessee does not demand notice and pay, but agrees to end the term and surrender his lease, though there was no other notice, the tenancy is thereby ended, and the lessor becomes entitled to possession.

W. W. ARNETT and DENIS O'KEEFE, for plaintiff in error.

B. B. DOVENER, for defendant in error.

BRANNON, JUDGE :

Clator brought an action before a justice of Ohio county for unlawful detention of certain premises in the city of Wheeling against Otto. The case was appealed to the Circuit Court, and, Clator recovering judgment there, Otto has brought the case here. By one deed of lease Clator leased Otto a certain house for three years, and by another, made later, he leased Otto an adjoining house for two years.

Otto's first assignment of error is, that the court refused to exclude from the jury testimony of a conversation between Clator and Otto tending to show the surrender of the leases by Otto ; and this is based on the idea, that what is called a written assignment was made between them shortly after this conversation, and that their negotiation resulted in that, and the prior oral agreement merged in it, and the writing speaks the entire contract.

This writing and the agreement to surrender were separate matters. Otto owed Clator a large amount of rent in arrear, and unable to pay he assigned to a trustee, not the leases, but liquors, furniture and other personalty with power to continue the saloon and restaurant business, until the trustee could sell this property; and this assignment is confined to that and does not touch the leases. The surrender of the leases was another. thing. He agreed to give them up, because he was unable thereafter, as he had been before unable, to pay rent; he assigned the property to pay past rent—wholly different matters, different contracts. Therefore this assignment could not exclude the oral agreement to surrender.

I think the evidence shows not only an agreement to surrender but an actual surrender of possession under it. Clearly Otto agreed to surrender, and he allowed Clator and the trustee to go into the house and take possession, giving Claytor the keys; and he recognized Claytor as in possession. When parties applied to rent or buy the premises, he referred them to Clator and told them Clator had control; and when asked by them when they could get possession if they rented of Clator, he said, "At once," or, "Any time." He changed his mind afterwards, but it was an afterthought. The jury found a verdict consistent with the claim of surrender, and very properly so.

There was much evidence tending to show delivery of possession in execution of the agreement to surrender, and we can not go behind the verdict as to that. Moreover, the leases contained a clause of forfeiture for non-payment of rent and for surrender on notice, and, though there was no notice, yet Clator demanded rent, and told Otto he would have to shut up the place by a distress, or he (Otto) would have to make an assignment; and he agreed to surrender the leases and assign property to pay back-rent; and I incline to think this a waiver of notice, and that even without delivery of possession Clator could under the forfeiture provision recover outside the surrender, as he acknowledged rent in arrear, and on demand virtually recognized a forfeiture, and agreed to give up his term.

Another assignment of error is, that the court refused to

strike out the plaintiff's evidence. Here it is claimed that Otto had paid rent to January 1, 1886, and the suit was brought December 30th. This contention is based on the fact that the attorney drawing the trust made a pencil statement of rent due, and included rent to January 1st, and this was paid out of the sale of the property. But that was by consent put into the statement, because the trustee would still have to occupy the premises to carry on the business, and it was estimated distinctly by Otto and Clator as a part and parcel of the expenses attending the execution of the trust. When the surrender was made, that ended the tenancy and all claim to further rent. *Greider's Appeal,* 5 Pa. St. 422; Tayl. Landl. & Ten. § 518. There was no renewal of the leases. The inclusion of rent to 1st January would not operate as such. If indeed too much rent was charged, it would not nullify the effect of the surrender in terminating the tenancy. In fact the inclusion of this rent was not under the tenancy, but was part of the expenses under said trust.

The third assignment of error is, that there was no evidence to show the surrender of part of the leased premises. Clearly the surrender related to both leases, both houses. Possession of both—the entire leased premises—was delivered. The evidence very fairly shows this. The jury so considered it, and so found. The plaintiff recovered before the justice and the Circuit Court. The clear justice of the case on the evidence is with him, and we affirm the judgment.