KENNETH C. HAWKINS, *Plaintiff in Error*, v. J. H. GARRISON, *Defendant in Error*.

Division A.

Opinion filed February 13, 1929.

*Ross Williams,* for Plaintiff in Error;

*Shutts & Bowen* and *John S. Benz,* for Defendant in Error.

ELLIS, J.—The plaintiff in error sued J. H. Garrison in an action for breach of contract for the sale of lands. The contract, which was made a part of the declaration, is as follows:

December 26th, 1924.

Received of Kenneth C. Hawkins, Two Thousand ($2000.00) Dollars, earnest money deposit on the purchase of property known as: All the N. W. ¼ of Section 27 and all of the S. W. ¼ of Section 27 (except the 60 acres East of the F. E. Coast Ry.) in Township 56, Range 39, East, in Dade County, Florida.

Price Sixty-seven Thousand Six Hundred ($67,-600.00) Dollars; Terms Two Thousand ($2000.00) Dollars, the receipt of which is hereby acknowledged, and Twenty Thousand Five Hundred Thirty-three ($20,533.00) Dollars on or before January 13th, 1925, provided a marketable abstract and Warranty Deed showing good title is delivered by owner. Balance in one, two and three years, with interest at 8% per annum, payable semi-annually.

Commission to be paid Mr. A. Scheuer and Kenneth C. Hawkins, $2600.00, to be divided equally.

J. H. GARRISON, Owner.

Ck for $2000.00 received.

Witness: Albert Scheuer.

The declaration alleged that the defendant "fraudulently and deceitfully pretended to and advised the plaintiff that he, the said defendant, was the owner" of the land.

The defendant demurred to the declaration upon the grounds that it stated no cause of action; that it was vague and uncertain; that it alleged no breach by defendant of the instrument declared upon; that it alleged no performance or tender of performance by the plaintiff of the terms of the agreement; that no facts were alleged showing fraud; that no facts are alleged showing that the plaintiff relied upon the representations made by the defendant nor that the plaintiff believed them to be true and that no facts are alleged that the representations were false and known to be false.

The demurrer was sustained and judgment against plaintiff was entered on demurrer.

The eighth amended count of the declaration does not sound in damages for the breach of a contract, although it is in form a special count upon an express contract in writing, it is rather an amplified common law count for money paid by the plaintiff to the use of the defendant. It is in the nature of an action of assumpsit upon an implied agreement. As the old common law lawyers said, such an action is in the nature of an equitable remedy, liberal in form and favored by the courts as a remedy.

The facts alleged in the amended eighth count would support a declaration for money paid to the use of the defendant, or money had and received by him for the use

of the plaintiff. It's unnecessary verbiage and complexity of phrases does no more than to obscure and partially conceal the real purpose of the action which rests upon the proposition that as the defendant had received money from the plaintiff for something which he could not deliver nor has any legal right to convey, it is as if he had received it for the plaintiff's use or that it had been paid to him by the plaintiff at the defendant's request.

The law in such case casts upon the defendant the obligation to return the money.

We think the order sustaining the demurrer was erroneous, so the judgment is reversed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.

STRUM, J., absent on account of illness.