J. C. PETERSON, *Plaintiff in Error*, v. WALTER O. HOWELL and CORA E. HOWELL, his wife, *Defendants in Error*.

Opinion filed January 28, 1930.

180

*Andrews & Carter,* for Plaintiff in Error.

*Giles F. Lewis,* for Defendants in Error.

DAVIS, Commissioner:

The defendants in error, whom we will hereafter refer to as the plaintiffs, sued the plaintiff in error, whom we will hereafter refer to as the defendant, in an action of assumpsit. The declaration contained the three money counts, namely for money lent, money paid, and money received and also a special count purporting to set up an express contract for the purchase of real estate. To the declaration was attached the following, as Exhibit "A":

"Howell et al. vs. Peterson.

## STATEMENT OF ACCOUNT

| | | |
|---|---:|---:|
| Paid on Contract Sept. 4th, 1923 | $ 500.00 | |
| 17 monthly payments of $45.00 each from Oct. 1st, 1923, to Feb. 1st, 1925, inclusive.... | 765.00 | |
| First Mortgage to Mrs. Eveline A. Hatch ................ | 4,500.00 | |
| Paid Mrs. Eveline A. Hatch.. | 1,316.18 | $7,081.18 |
| Amount due Peterson on contract...... | | 5,500.00 |
| Balance ............................ | | $1,581.18'' |

and also what purported to be a copy of a land contract between the plaintiffs and defendant.

To the money counts, the defendant pleaded the general issue, and in addition thereto he pleaded as follows:

"1. That the plaintiffs at the commencement of this suit were and still are indebted to the defendant in the sum of $336.16 for interest due under the contract between the defendant and the plaintiffs, executed by all of said parties, wherein defendant agreed to sell the plaintiffs the West fifty-two and one-half (52½) feet of Lot 7 of Block J of Concord Park Addition to Orlando, Orange County, Florida, with interest being from the 4th day of September, A. D. 1923, at the rate of 8 per cent per annum on the sum of $5,100.00, due the 4th day of September, A. D. 1927, which interest the plaintiffs have never paid or any part thereof, though same is long past due and the plaintiffs are due the defendant the further sum of $100.00 as the balance due on the $500.00 cash payment that was to have been paid at the time of the execution and de-

livery of the contract for deed between the defendant and the plaintiffs, whereby defendant agreed to convey said premises for the sum of $5,500.00, payable $500.00 in cash upon the signing of the said contract which was on the 4th day of September, A. D. 1923, and $45.00 per month until the balance was paid, and defendant is further due by the plaintiffs interest on said $100.00 from the 4th day of September, A. D. 1923, to the present time, which amounts the defendant is willing to set off against the plaintiff's claim.

"2. And for further plea to plaintiff's declaration, as amended, this defendant says that plaintiffs seek to recover on a contract for deed from this defendant to the plaintiffs, a copy of which is attached to the declaration and which copy is hereby prayed to be considered a part of this plea, and on or about October 31st, 1927, this defendant, in consideration of plaintiffs releasing him from all liability under said contract, did on or about said date assign to plaintiffs the contract for deed under which he claimed and had an interest in the land described in the contract for deed from defendant to plaintiffs, and, therefore, this defendant is not indebted to the plaintiffs in any sum."

A demurrer was interposed to the last of the special pleas, and the court in ruling thereon held the special count of the declaration bad and made an order that the demurrer "be and the same is hereby overruled and the plaintiffs have leave to amend the said declaration in said cause on or before ten (10) days from this date, failing in which the cause shall forthwith be dismissed as to the said (special) count of the said declaration."

No amendment was filed as authorized by the order, and

the case was tried on the said money counts and the pleas thereto.

The evidence at the trial disclosed that the plaintiffs purchased of the defendant a lot in the subdivision Concord Park Addition to the City of Orlando, for the sum of $5,500.00; that they agreed to make an initial payment of $500.00 and then pay $45.00 per month until the balance with interest at the rate of 8% per annum was paid; that the plaintiffs paid only $400.00 as an initial payment, which was followed by 17 monthly payments of $45.00 each. What was supposed to be a written contract showing the terms of sale was drawn up and executed, and the same, together with the possession to the property, was delivered to the plaintiffs. It afterwards developed that in this written agreement, the purchasers appeared as the vendors and the seller as the vendee. This paper was read in evidence over the objection of the defendant. After making the payments above referred to, the plaintiffs decided to sell the property and they then discovered that there was a mortgage against it for the principal sum of $4,300.00 and the mortgagee claimed in addition thereto, the sum of $1,316.18 for interest, fees, etc. This mortgage was in the hands of attorneys for foreclosure and suit was started thereon, the plaintiffs being made parties defendant to the cause. The plaintiffs then saw the vendor repeatedly and requested him to have the lot released from the mortgage lien, but were unsuccessful in having that done. They finally succeeded in obtaining from the defendant an assignment of his contract of purchase, (he did not have the legal title—only a contract of purchase which had been assigned to him by the original vendee) and thereupon the plaintiffs assigned this last named contract with the understanding that of the said sum of $5,616.18, which was claimed by the mortgagee, $1,116.18

184

would be paid in cash by their assignee to the mortgagee and the balance of the indebtedness, fees, etc., claimed by the mortgagee would be paid to her by their assignee, giving new notes and mortgage.

The record is not clear as to the amount the plaintiffs were to get for the property when they disposed of it, but it is reasonably clear, that after allowing the defendant interest at the rate of 8%, as agreed to, the plaintiffs paid out the sum of $421.90 more than they should have, if there had been no incumbrance upon the property.

At the close of the plaintiffs' case, the defendant moved the court to direct a verdict for him, which motion was denied. The defendant put in no testimony, and plaintiffs' attorney thereupon moved the court for a directed verdict in their favor in the sum of $765, which was the aggregate amount of the monthly payments, and this motion was granted and a verdict was returned accordingly. A judgment was entered upon the verdict. A motion for a new trial was made by the defendant and denied by the court. From the judgment, the case was brought to this Court on writ of error.

Plaintiff in error assigns as error: (1) the denial of defendant's motion for a directed verdict in his favor; (2) the granting of plaintiffs' motion for a directed verdict in their favor, and (3) the denial of the motion for a new trial.

The motion of the defendant for a directed verdict in his favor is predicated upon the following grounds:

"(1) That the plaintiffs have failed to prove that they paid out the money that they are suing for, as to entitle them to reimbursement.

"(2) The plaintiffs have introduced into evidence a contract on which they rely, which shows that the plaintiffs are selling the land described in the con-

tract to the defendant, and not that the defendant was selling the land described in the contract to the plaintiffs, so as to entitle them to reimbursement as they are claiming in this suit.

"(3) The plaintiffs are attempting to reform a written contract in this cause, where the declaration is in the common counts, by introducing parol evidence for the purpose of varying a contract in writing that is complete on its face."

We have seen that the defendant failed to satisfy the mortgage, but agreed to assign and did assign to plaintiffs the contract of purchase held by him as assignee from the original purchaser. In living up to their agreement with their vendee or assignee, it was necessary for the plaintiffs to pay the mortgage indebtedness, together with interest and expenses heretofore referred to or to authorize their vendee to satisfy the mortgage by appropriating moneys which he was to pay to the plaintiffs for the purchase of the property. In consummating the deal, the plaintiffs paid or authorized their vendee to pay the mortgagee the amount which she insisted was due her.

The case turns upon the question: Can this money, so paid by the plaintiffs be recovered under the common counts set out in the declaration?

If we answer this question in the affirmative, then clearly there is no merit in the motion of defendant for a directed verdict in his favor.

It is said in Wright v. Butler, 6 Wend (N. Y. C. L. R.) 284, that, "These actions on the money counts are resorted to as substitutes for bills in chancery, and ought to be encouraged whenever the law affords no other remedy, and where a court of equity would compel a defendant to repay to the plaintiff a sum of money which the latter has been compelled to pay for his benefit."

In Hawkins v. Garrison, 120 So. R. 309, 97 Fla. 156, the same principle is expressed by Mr. Justice ELLIS, speaking for the Court as follows:

"Such an action (for money paid by the plaintiff to the use of the defendant) is in the nature of an equitable remedy, liberal in form and favored by the Courts as a remedy."

The Court further emphasized this position when in Cox v. Grose, 122 So. R. 513, text 515, 97 Fla. 848, in an opinion by Mr. Justice STRUM referring to the money counts for money paid to the use of the defendant and for money had and received by the defendant for the use of the plaintiff used the same language as was employed in Hawkins v. Garrison, *supra*.

Now the vendor had a right to make a contract to sell said lot to the plaintiffs, even though he did not have a legal title to it, for as was held in Burke v. Wallace, 124 So. R. 30, 98 Fla. 604, the vendor need not have a good title at the time of entering into a contract to sell realty it being sufficient that contract is made in good faith and that vendor has such interest in the subject matter, or is so situated with reference thereto that he can convey good title at the proper time. In that case, as in the case here, the vendor was only the equitable owner under an agreement to purchase.

It was also held in Burke v. Wallace, *supra*, that where vendor is not in default, the purchaser, in the absence of fraud on the part of the vendor in making the contract, or some agreement between the parties providing therefor, will not be permitted to rescind and recover back money paid by him on the contract.

There is nothing in the record that tends to show that defendant was not acting in good faith, nor was it made

to appear that the plaintiffs, when they discovered the state of the title, offered to restore the status quo by turning back the property, upon the return of the money they had paid to the defendant. According to the testimony of the plaintiff, Walter O. Howell, there was nothing for the defendant to do, but to receive the periodical payments, until the purchase price was paid in full. The defendant therefore did not breach the contract and the plaintiffs were not in a position to rescind it.

The plaintiff in error contends that "the only theory on which the plaintiffs could be entitled to such a verdict is that the contract for deed was rescinded and plaintiffs were suing for return of purchase money paid by them, which was not supported by the facts." We cannot find ourselves in agreement with this contention. If the plaintiffs had a right to recover under either of the money counts, the ruling of the court on the motion for a directed verdict in favor of the defendant was proper. It was the defendant's duty to pay the mortgage debt, or to see that it was paid. It cannot be rightfully said that payment of this debt by plaintiffs was a voluntary payment of the debt of another. The plaintiffs made the payment to protect their own interest and to keep the property from being sold under foreclosure proceeding, and under such circumstances the law implies a request on the part of the defendant to the plaintiffs to make such payment (41 C. J. 20; 2 Enc. Pl. & Pr. 1012; 27 Cyc. 834; Hunt v. Sanders (Ky.) 1 A. K. Marshall 552; Forbes v. Webster, 2 Vt. 58; Irvine v. Angus, 93 Fed. 629) and, as is generally held, an action in general assumpsit for money paid may be maintained against the defendant to recover the amount necessarily paid to the plaintiffs.

"One who, although not legally liable for a debt, will suffer a loss of his property if the debt is not paid may,

on paying the debt, recover the money so paid from one whose default in paying the debt placed on him the burden of such payment.'' 41 C. J. 15; Logan v. Talbot, 59 Cal. 652; Weiss v. Guerineau, 109 Ind. 438, 9 N. E. R. 399; Nichols v. Buckman, 117 Mass. 488; Hogg v. Longstreth, 97 Pa. 256; 2 R. C. L. 776.

The principle above stated has been applied to enable the recovery by the owner of realty, who has not on purchase, assumed an existing encumbrance, of money paid by him to prevent foreclosure of a lien arising out of such encumbrance. 41 C. J. 15; Norton v. Colgrove, 41 Mich. 544, 3 N. W. R. 159; Dyer v. Britton, 53 Miss. 270; Kirkpatrick v. Miller, 50 Miss. 521; Hunt v. Amidon (N. Y.) 4 Hill 345; 40 A. D. 283; McIntyre v. Ward, 18 Vt. 434. To same effect see 27 Cyc. 834.

It is a familiar principle of law that an action of assumpsit for money paid is maintainable in every case where the plaintiff has paid money to a third party at the request, express or implied, of defendant, with an under-, standing, express or implied, on his part to repay it. Chamberlain v. Lesley, 39 Fla. 452, 22 So. R. 736.

The plaintiffs were, therefore, entitled to a verdict upon the count for money paid and expended, by reason of the implied request of defendant to pay off the mortgage, for the difference between the aggregate sum paid to the defendant and to the mortgagee and the amount they had contracted to pay to the defendant. When the plaintiffs discovered that there was a mortgage on their property and that it was in process of foreclosure, prompt action was necessary to avert the loss of what they had put into the. property. They appealed to the party who had sold them the lot, to protect them by having it released from the mortgage. The defendant did not do this, so the plaintiffs were thrown upon their own resources to provide a

way to protect themselves, and after acquiring by assignment, the contract held by the defendant, they arranged with their vendee, to apply the money that should have come to them to satisfying the demands of the mortgagee. This was equivalent to payment by the plaintiffs and it was done to satisfy an obligation which they were under no contract to pay.

The plaintiff in error has not assigned as error the ruling of the court in admitting the written instrument in evidence, nor was such ruling made a ground of the motion for a new trial. The plaintiff, Walter O. Howell, was permitted to testify that in the written instrument the names of the parties were "transposed," or, in other words, that the plaintiffs were described and referred to as the vendors and the defendant as vendee. On its face, the written instrument set out a contract that was entirely independent and distinct from that sustained by the proof. They were essentially different contracts. The writing does not purport to cover any agreement whereby the defendant was to sell and the plaintiffs purchase real estate, and it could not merge the prior and contemporaneous oral negotiations because such negotiations did not concern the subject matter embraced in the written contract. 2 Paige, Contracts, Sec. 1219; 3 Jones Ev., 2nd Ed. Sec. 1490, page 2712; 13 C. J. 598; Lionel C. Simpson Plumb. Co. v. Geschke, 75 N. J. Eq. 394, 72 Atl. R. 90; Louisville, etc., R. Co. v. Craycraft, 12 Ind. A. 203, 39 N. E. R. 523; Clator v. Otto, 38 W. Va. 89, 18 So. E. R. 378; Locke v. Murdoch, 20 N. M. 522, L. R. A. 1917 B 267; 2 Elliott, Contracts, Sec. 1633; 4 Wigmore Ev., Sec. 2430.

If it could be successfully urged that all oral negotiations of the parties were merged in the written contract, then the money that was paid by the plaintiffs to the de-.

fendant was paid by mistake, and the plaintiffs could recover the same under the count for money received.

The bill of particulars was sufficient to apprise the defendant of the nature and extent of the cause of action alleged against him to enable him to plead thereto.

It follows that the court committed no error in denying the motion of the defendant for a directed verdict in his favor.

The amount due the defendant under the contract plus interest to the date that plaintiffs paid off the mortgage indebtedness by assignment of their contract, and less the payments made by plaintiffs to defendant was $5,194.28. The plaintiffs paid the mortgagee $5,616.18, leaving an overpayment of $421.90.

Plaintiffs were entitled to interest on the sum of $421.90 from the 31st day of October, A. D. 1925, to the date of the verdict. The verdict, therefore, should have been for $492.21.

If defendants in error will remit the sum of $272.79, within thirty days of the filing of the mandate in the circuit court, the judgment will stand affirmed, for the remainder as of the date of the judgment, otherwise it will be reversed with directions that a new trial be had.

PER CURIAM.—The record in this cause having been considered by the Court and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that if defendants in error will remit the sum of $272.79 within thirty days of the filing of the mandate in the circuit court, the judgment will stand affirmed for the remainder as of the date of the judgment; otherwise, it will be reversed for a new trial.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.