PEARSON, Judge.
This appeal questions the correctness of a summary judgment rendered in favor of the plaintiff-appellees in an action to recover money paid by the appellees, as attorneys, for the benefit of their clients, who are the appellants. We affirm.
The appellants urge that there are sufficient conflicts in the record to raise several issues of material fact. Our review of the record convinces us that while conflicts exist, they are not upon material facts. There is no conflict upon the following facts. The appellees are attorneys at law. As a part of their representation of appellants, the appellees signed an instrument bearing the heading “Forthcoming Bond.” When the appellees signed this instrument, the appellants were permitted to retain possession of an air-conditioning unit which was the subject of a replevin action. The appellants retained possession of the unit even after the appellees were required to pay a judgment against the appellants. It is clear that the appellants accepted the benefits of the instrument which the ap-pellees signed.
This action was to recover the money paid.
The appellants’ main contention is that § 454.20, Fla.Stat., F.S.A., which prohibits an attorney from becoming a surety *500 on a bond of his client, precludes the appellees from recovery. Since the appellants did not sign the instrument as principals, it never became a valid bond; therefore, the appellees never became sureties on a bond.
The appellants accepted the benefits of the purported bond; they thereby ratified any mistaken action of the appellees. The appellants will not now be permitted to question the propriety of the appellees’ conduct. See Lipkin v. Bonita Garden Apartments, Inc., Fla.App.1960, 122 So.2d 623.
The appellees were entitled to recover from the appellants money which the appellees paid to the third party at the implied request of the appellants and with the implied promise that the appellants would repay it. Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736, 738 (1897); Peterson v. Howell, 99 Fla. 179, 126 So. 362 (1930).
Affirmed.