420 So.2d 324 (1982)
Rocco POLICASTRO, Appellant,
v.
Bertha MYERS and Loretta Myers, Appellees.
No. 81-1083.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
Rehearing Denied October 28, 1982.
*325 Jeff Tomberg of Law Offices of Tomberg & Tomberg, P.A., Boynton Beach, for appellant.
No brief filed for appellees.
WALDEN, Judge.
This is an appeal brought by Rocco Policastro from a judgment entered against him in the sum of $7,158.00.
Plaintiff/Appellee, Bertha Myers, did not favor us with an appellate presence or brief. As has been often remarked, such omission places an additional burden on this Court on account of the nature of the adversary system. Indeed it is a mystery to us as to why a person would engage counsel, bring suit, obtain a favorable judgment, and then fail to appear and defend it.
Bertha Myers sued her former son-in-law, Rocco Policastro, on account of an alleged loan of money to him. Bertha Myers was the mother of Loretta Myers, the former wife of Defendant, Rocco Policastro. Rocco Policastro answered the complaint by denying the debt, alleging affirmative defenses, and counter claiming for monies owed. Rocco Policastro then filed a third party complaint against his former wife Loretta saying that if any money was owed to Bertha it was owed by Loretta.
During trial Rocco, with court recognition, voluntarily dismissed his third party complaint against Loretta with the result that Loretta was no longer a party to the action. Regardless, final judgment was entered in favor of Bertha and against Rocco and Loretta for $7,158.00, jointly and severally. And so obviously it was an error to enter judgment against Loretta when she was not named in her mother's action, was not in anyway a party, and when the court had no jurisdiction over her. However, Loretta has not complained and so we simply let the judgment ride as to her.
Here is what happened.
During the course of the marriage between Rocco and Loretta, Loretta borrowed $7,000.00 from Bertha. This was accomplished by Loretta and Bertha borrowing $7,000.00 from the bank with Loretta and Bertha co-signing a note back to the bank as evidence of the debt. The bank issued a check for the loan proceeds payable to Loretta. Loretta endorsed the check to a title insurance company as part of the down payment on a house being purchased jointly by Loretta and Rocco. There was no documentary evidence or exhibits linking Rocco *326 to the debt. Bertha testified that Rocco orally requested the loan. Rocco denied such request but acknowledged that Loretta borrowed $7,000.00 from Bertha and that the $7,000.00 was applied to the purchase price of the residence jointly owned by Rocco and Loretta during the time of their marriage.
Later the marriage between Loretta and Rocco was dissolved. They entered into a property settlement agreement wherein the parties divided their assets, presumably in equal shares. Included in Loretta's share was the property which had been partially purchased by the alleged loan, and Rocco conveyed his interest in it to Loretta. It does not appear from the record that at the time of the settlement division either party brought up or considered the $7,000.00 in question or its repayment. The agreement contained this boiler plate, "Each party hereby agrees to release the other from any and all obligations or responsibilities to pay any debts, charges, obligations or liabilities thereof."
At the conclusion of the non-jury trial the court announced its ruling:
THE COURT: I think it should be a joint and several judgment. It is obvious the money was not borrowed from the bank by Mr. Policastro; but the money was borrowed for his benefit and he did benefit. In fact, without it, there wouldn't have been any transaction. So both parties owe the obligation, and I would enter a judgment for both parties.
MR. BRANDT: Thank you very much. I will prepare a Final Judgment which will be joint and several against the two Defendants for $7,000.
THE COURT: Right.
The judgment as to Rocco is sustainable upon either one of two theories.
First, as a matter of basic law, assuming the court believed Bertha and disbelieved Rocco as concerns the testimony about the loan, as the court had a right to do, this would obligate Rocco on the basis of an oral contract.
Second, it is sustainable upon the theory of unjust enrichment or quasi contracts. 11 Florida Jurisprudence, Second Series, Contracts, Section 4 supplies the encyclopedic outline of this theory as follows:
A quasi contract is sometimes spoken of as a contract implied in law or a constructive contract. Express contracts and contracts implied in fact rest upon the assent of the parties, whereas quasi contracts do not rest upon such assent, but rather upon a fiction adopted by the law to provide a remedy.
The liability which the law implies in a quasi contract is based primarily upon a benefit flowing to the person sought to be charged, or, as is sometimes stated, upon unjust enrichment; and therefore in order to hold that a quasi contract or contract implied in law exists in a particular case it is necessary to find that the defendant has received a benefit or has been unjustly enriched, and should be required to compensate the plaintiff.
See also Restatement Of Restitution Section 1 (1937), Tipper v. Great Lakes Chemical Company, 281 So.2d 10 (Fla. 1973) and Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736 (1897) and Peterson v. Howell, 99 Fla. 179, 126 So. 362 (1930).
Finally, we record that the trial court committed error, albeit, harmless, in refusing to allow into evidence the depositions of the plaintiff, Bertha, and third party defendant, Loretta, when offered by the defendant, Rocco, because Florida Rule of Civil Procedure 1.330(a)(2) provides that such depositions may be used by an adverse party "for any purpose". A review of the transcript reveals that Rocco made unrestricted use of such depositions in his efforts to discredit and impeach the plaintiff and third party defendant with reference to individual questions, and he did so. At the end of the case the defendant offered the depositions in evidence as a whole and this was rejected. A reading of the transcript and of the offered depositions persuades us that no prejudice resulted to Rocco on *327 account of the exclusion of the depositions. Section 59.041, Florida Statutes (1981).
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.