582 So.2d 15 (1991)
RITE-WAY PAINTING & PLASTERING, INC., a Florida Corporation, Appellant,
v.
Williard TETOR and Velma Tetor, Appellees.
No. 90-02366.
District Court of Appeal of Florida, Second District.
May 24, 1991.
Rehearing Denied July 17, 1991.
*16 Diane E. McGill of Turk & Shipp, Cape Coral, for appellant.
Michael B. McIver of Aloia, Dudley, Roosa, Sutton, McIver & Burandt, Cape Coral, for appellees.
THREADGILL, Acting Chief Judge.
This is an appeal by the plaintiff below, Rite-Way Painting and Plastering, Inc., from a final judgment finding Rite-Way's notice to owner, served pursuant to the mechanic's lien statute, untimely. Rite-Way also appeals an order dismissing with prejudice a count for quantum meruit from the amended complaint. We reverse.
Rite-Way, a subcontractor, entered into an oral agreement with general contractors to provide stucco, drywall, and painting materials and services to a condominium project owned by Williard and Velma Tetor, the appellees. The general contractors subsequently abandoned the project, and Rite-Way was never paid. Rite-Way filed a complaint alleging a mechanic's lien foreclosure *17 in count I and an action labeled as quantum meruit against the Tetors in count III. This appeal does not concern count II. After a non-jury trial on the mechanic's lien foreclosure, the trial court determined that Rite-Way's notice to owner was untimely served, and that all claims of lien filed by Rite-Way were therefore invalid and unenforceable. Rite-Way's count in quantum meruit was dismissed for failure to state a cause of action.

MECHANIC'S LIEN FORECLOSURE
Section 713.06, Florida Statutes (1987), requires, as a prerequisite to perfecting a lien, that a subcontractor not in privity with an owner serve notice on the owner not later than forty-five days from commencing to furnish services or materials. The failure to timely serve the notice constitutes a complete defense to the enforcement of a lien. § 713.06(2)(a), Fla. Stat. (1987). Such notice may be served by certified mail and evidence of delivery. § 713.18(1)(b), Fla. Stat. (1987).
The trial court found that Rite-Way commenced providing labor and/or material to the project on November 16, 1988. On December 28, 1988, Rite-Way mailed a certified letter containing a notice to owner to the address of the construction project. The trial court determined that the letter was delivered on January 3, 1989. The trial court ruled that the notice was untimely because January 3rd was the fortyeighth day after the date of commencement. According to the trial court's calculation, the forty-fifth day after commencement would have fallen on a Saturday, December 31, 1988.
Florida Rule of Civil Procedure 1.090 provides that in computing any period of time prescribed by any applicable statute, the last day of the period shall be included unless it is a Saturday, Sunday, or legal holiday. In such event, the period shall run until the end of the next day which is not a Saturday, Sunday, or legal holiday. This court has previously applied rule 1.090 to compute the period for service of a notice of mechanic's lien. See Daly Aluminum Products, Inc. v. Stockslager, 244 So.2d 528 (Fla. 2d DCA 1970), cert. denied, 246 So.2d 97 (Fla. 1971).
Here, because December 31st was a Saturday and January 2nd was the New Year's Day holiday, the last day for proper service was Tuesday, January 3, 1989. Finding that Rite-Way's notice to owner was timely served, we reverse the final judgment as to count I, the mechanic's lien foreclosure, and remand for further proceedings. By way of this opinion, we rule solely on the timeliness of the delivery the notice. The sufficiency of the delivery and of the notice itself are yet to be determined by the trial court on remand.

QUANTUM MERUIT
While we agree that Rite-Way failed to state a cause of action in quantum meruit, we find that the allegations of count III state an action for a contract implied in law under a theory of unjust enrichment. Even though Rite-Way's amended complaint requested relief upon a theory of quantum meruit, it also included a prayer for general relief, and therefore the exact form of the prayer for relief is not controlling. Davidson v. Lely Estates, Inc., 330 So.2d 528 (Fla. 2d DCA 1976).
Contracts implied in law are obligations imposed by law to prevent unjust enrichment. Nursing Care Services, Inc. v. Dobos, 380 So.2d 516 (Fla. 4th DCA 1980). The essential elements for an action under this theory are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. Craig W. Sharp, P.A. v. Adalia Bayfront Condo., Ltd., 547 So.2d 674 (Fla. 2d DCA 1989); Henry M. Butler, Inc. v. Trizec Properties, Inc., 524 So.2d 710 (Fla. 2d DCA 1988). While contracts implied in fact, such as an action in quantum meruit, require the assent of the parties, contracts implied in law do not require such assent. In re Estate of Mundell, 459 So.2d 358 (Fla. 5th DCA 1984) (Cowart, J., dissenting), rev. denied, 467 So.2d 999 (Fla. 1985); Policastro v. Myers, 420 So.2d 324 (Fla. 4th DCA 1982).
Count III of Rite-Way's amended complaint alleges in substance that the Tetors *18 have benefited by the labor and materials supplied to their property by Rite-Way, that Rite-Way has not been compensated for said labor and materials, that the Tetors have failed and refused to pay for the labor and materials, that Rite-Way supplied the labor and materials pursuant to an agreement with the Tetors' contractors, and that the Tetors had agreed to pay the contractors for the labor and materials provided to their property by Rite-Way. These allegations  that the Tetors have knowingly and voluntarily accepted a benefit for which they have failed and refused to pay  sufficiently assert a claim under a theory of implied contract to prevent unjust enrichment. Accordingly, we hold that count III of Rite-Way's amended complaint stated a cause of action and was improperly dismissed.
In summary, as to count I, we reverse and remand for further proceedings consistent with this opinion including if necessary, the taking of further evidence within the trial court's discretion. We also reverse the order of dismissal and remand for reinstatement of count III.
Reversed and remanded.
PARKER and PATTERSON, JJ., concur.