301 So.2d 119 (1974)
DUTCH INNS OF AMERICA, INC., a Florida Corporation, Appellant,
v.
William R. JENKINS, A.I.A., Appellee.
No. 73-711.
District Court of Appeal of Florida, Third District.
September 3, 1974.
Rehearing Denied October 21, 1974.
Cypen & Nevins, Miami Beach, for appellant.
Lane, French, Lane, Carrier & Nichols, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellant, Dutch Inns of America, Inc., appeals a final judgment for the appellee, William R. Jenkins. The appellee, an architect, claimed money due under a contract to design a motel. The trial court sitting without a jury found for the appellee in an amount less than his claim. The appellant, on this appeal, urges that the court erred in finding that a prima facie case was established by the appellee, that the appellant failed to establish its affirmative defense and that the court erred in applying an improper measure of damages. The appellee has cross-assigned error upon the court's failure to allow the full amount of the claim.
In June, 1968, plaintiff-appellee was asked by representatives of the defendant-appellant to prepare preliminary working drawings for home offices and motel facilities for the defendant at the Merchandise Mart in Miami, Florida. The work was performed and plaintiff was paid by defendant. In September, 1968, plaintiff met with representatives of defendant regarding the architectural services for the project and in October, 1968, plaintiff and defendant entered into a contract. Subsequently, after the work had begun, the parties agreed on major changes in the concept or scope of the project, the office building to be changed from two-stories to three-stories. At a board meeting, in January, 1969, the defendant's representatives decided that they wanted another floor to be added to the hotel along with other changes to the scheme of the project.
The defendant was advised by letter of February 10, 1969, that the changes would increase the base contract price from $50,000 to $63,650. The record contains no response by defendant to this letter.
In addition to the base price, the contract contained provisions for added fees for additional work performed by plaintiff, part of which included work on the Merchandise Mart interiors as indicated on *120 plaintiff's invoices. These invoices were not objected to by the defendant. The bills were submitted on a monthly basis and they included proportionate billings for the base contract and billings for additional work.
The total amount shown as unpaid on invoices submitted to the defendant by plaintiff is $56,702.46. Defendant had paid other invoices of the plaintiff through the end of 1968 but ceased making payments in January, 1969.
In its first point, appellant argues that as appellee's complaint was only for an account stated, appellee cannot recover because no agreement as to the amount was proved. Appellant relies upon Recreation Corporation of America v. Jack Drury & Associates, Inc., Fla.App. 1970, 235 So.2d 49. That case stands for the proposition that there can be no liability on an account stated if there has been no mutual agreement, and from this we infer that the account stated must be based upon prior dealings out of which the account arose. See Braun v. Noel, Fla.App. 1966, 188 So.2d 564. Such an agreement was proved in the instant case. Further, it cannot be concluded from this record that appellee's action was solely upon the account.
Appellant's second point is based upon the holding that an architect cannot recover if the actual or probable cost of construction exceeds the agreed maximum. There was no cost limitation in the written contract. Parol evidence was admitted but the court found from the evidence that the claimed cost limitation was not proved. See Petrus v. Bunnell, Fla.App. 1961, 129 So.2d 702. Upon the record we will not reverse this finding. Dowd v. United States Fidelity and Guaranty Co., Fla. App. 1966, 183 So.2d 558.
Appellant's third point and appellee's cross-appeal each challenge the court's finding as to the amount due. Each point fails to show error. There was extensive and conflicting testimony as to extra work performed for revisions and changes. The court's finding will not be overturned in the absence of a clear showing of error. Such a showing was not made here.
Affirmed.