412 So.2d 883 (1982)
COFFEE POT PLAZA PARTNERSHIP, Appellant,
v.
ARROW AIR CONDITIONING AND REFRIGERATION, INC., and Gulf Shores Industries, Inc., d/b/a Cleo's Meat and Produce, Appellees.
No. 81-1464.
District Court of Appeal of Florida, Second District.
March 17, 1982.
Rehearing Denied April 20, 1982.
L. James Dickson of Jacobs, Robbins, Gaynor, Hampp, Burns, Cole & Shasteen, P.A., St. Petersburg, for appellant.
Ira M. Seidler, St. Petersburg, for Appellee Arrow Air Conditioning and Refrigeration, Inc.
GRIMES, Acting Chief Judge.
Arrow Air Conditioning and Refrigeration, Inc., recovered a judgment from Coffee Pot Plaza Partnership on the theory of unjust enrichment. On appeal, Coffee Pot challenges the trial court's finding that the facts of this case fit that theory.
Coffee Pot purchased the Coffee Pot Plaza Shopping Center in St. Petersburg. The center included a vacant supermarket in which meat lockers and related refrigeration equipment were located. Coffee Pot divided the supermarket into two stores, one of which it leased along with the refrigeration equipment to Gulf Shores Industries for use as a meat market. The lease provided that Gulf Shores was responsible for the installation, maintenance, and repair of *884 the equipment and that Gulf Shores would return the equipment to Coffee Pot in good repair at the end of the lease.
Subsequently, Gulf Shores entered into an agreement with Arrow for Arrow to repair and install the equipment. Arrow performed this work and billed Gulf Shores for $8,239.92. Gulf Shores operated the meat market for several months, but it never paid Arrow for the repairs and failed to pay rent to Coffee Pot under the lease. As a result of the failure to pay rent, Coffee Pot finally terminated the lease. Thereafter, in spite of a concerted effort, Coffee Pot was unable to lease the store again as a meat market.
Arrow brought the present action against Gulf Shores and Coffee Pot seeking to recover for the work it did. It asserted that Coffee Pot was obligated to pay for the work under theories of agency and unjust enrichment. After hearing the case without a jury, the court found that Gulf Shores was not Coffee Pot's agent and dismissed Arrow's claims premised on the agency theory. However, the court did find that Arrow was entitled to recover from Coffee Pot on the basis of unjust enrichment and entered an $8,239.92 judgment against both Gulf Shores and Coffee Pot.
We agree with Coffee Pot's assertion that the facts and circumstances of this case do not justify Arrow's recovery under an unjust enrichment theory. Where unjust enrichment is asserted, a party is liable for services rendered only when he requests the other party to perform the services or knowingly and voluntarily accepts their benefits. Nursing Care Services v. Dobos, 380 So.2d 516 (Fla. 4th DCA 1980). Here, Coffee Pot did not request that Arrow repair and install the refrigeration equipment. Moreover, it cannot be said that Coffee Pot knowingly and voluntarily accepted the benefits of Arrow's work since it did not come into control of the equipment until after Arrow had completed the work and only then because it was forced to terminate Gulf Shores' lease. That the equipment was personalty so as to prevent Arrow from filing a mechanics' lien and that its size effectively precluded the maintenance of a possessory lien cannot change this result. Arrow contracted with Gulf Shores to do the work, and it must look to Gulf Shores for payment.
There is another reason why this judgment cannot stand. One basic element of unjust enrichment is that some benefit must flow to the party sought to be charged. Variety Children's Hospital v. Vigliotti, 385 So.2d 1052 (Fla.3d DCA 1980). While the repairs no doubt enhanced the value of the equipment, it is speculative to say that any benefit has come to Coffee Pot since Coffee Pot did not receive its rental payments from Gulf Shores and has been unable to find a new tenant for its store.
We reverse the judgment of the trial court as it pertains to Coffee Pot and remand the case with directions that it enter judgment in Coffee Pot's favor.
OTT and SCHOONOVER, JJ., concur.