433 So.2d 672 (1983)
In re ESTATE OF Dora LONSTEIN, Deceased.
No. 82-1653.
District Court of Appeal of Florida, Fourth District.
June 29, 1983.
*673 Sydney S. Lonstein, and Marjorie I. Bell, pro se appellants.
George E. Mastics of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellees-Estate of Dora Lonstein, Deceased, Cynthia Saffer, Alfred Lonstein and Leon Lonstein.
DOWNEY, Judge.
Dora Lonstein died testate in August, 1978. She named three of her children as personal representatives, Marjorie Bell, Cynthia Saffer, and Sydney Lonstein. The personal representatives employed Evan I. Fetterman, Esquire, to represent them in the administration of the estate in Florida. In January, 1981, during the course of the probate proceedings, Sydney Lonstein and Marjorie Bell petitioned the court to remove Cynthia Saffer as one of the personal representatives because she was hindering the administration of the estate. Prior to a hearing thereon, Cynthia, together with two other heirs of the estate, Leon and Alfred Lonstein, retaliated by filing a petition to remove Sydney and Marjorie on the grounds that they would not cooperate with her or Fetterman, they were comingling estate funds and were generally guilty of maladministration. A trial of the issues raised by said petitions resulted in an order removing Sydney and Marjorie, leaving Cynthia as the sole representative of the estate. Jurisdiction over the allowance of attorney's fees was reserved for later determination.
It was stipulated that the court would award attorney's fees without the necessity of presenting expert testimony. However, counsel were ordered to file memoranda in support of their petitions for fees. Based thereon the court allowed Montgomery, Lytal, Reiter, Denny & Searcy attorney's fees and costs of $15,931.19 for representing Cynthia; Weinstein, Bernstein & Burwick $14,625.23 for representing Cynthia and Alfred and Leon Lonstein; and Evan I. Fetterman $10,516.50 for representing the estate. The order allowing the foregoing attorney's fees directed that they be charged against the distributive shares of Sydney and Marjorie. Predictably, the deposed personal representatives have perfected this appeal from that order.
We have carefully considered the points made in appellant's brief and find no error demonstrated except in regard to the attorney's fee allowed to Evan I. Fetterman, the attorney for the estate.
On February 26, 1979, Fetterman wrote a letter to Marjorie, Cynthia, and Sydney, the three personal representatives, confirming his understanding and agreement that "I will represent you with regard to probating the estate including all probate proceedings which can be undertaken in the State of Florida.... As per my previous advice my fee for professional services will be between $1500.00 and $2,000.00." After the removal of Sydney and Marjorie as personal representatives, Fetterman filed a motion to withdraw as counsel for the estate, together with a motion for attorney's fees, to which *674 he attached a resume of his services from November, 1978, to February, 1982. Counsel for Sydney and Marjorie objected to any allowance of fees for Fetterman because he had contracted to represent the personal representatives in the probate proceedings for an amount not exceeding $2,000. In addition, they contend his advice and services were detrimental to the estate.
No doubt Fetterman never envisioned the problems he would encounter in this ostensibly liquid estate, which problems were generated mainly by the various personal representatives. However, he contracted to handle the Florida probate proceedings for a maximum of $2,000 and he must be held to its terms; he is not entitled to a quantum meruit determination of the value of those services. As the court said in Salutec Corp. v. Young & Lawrence Associates, Inc., 243 So.2d 605 (Fla. 4th DCA 1971):
Any proof of an express agreement between the parties as to the compensation to be paid for the services rendered would defeat rather than sustain an action based upon quantum meruit... . [T]he law will not imply a contract where a valid express one exists. 243 So.2d at 606.
With regard to a contract for attorney's fees to probate an estate in a case somewhat similar to the one at bar, the Third District Court of Appeal said:
A letter agreement written by appellant was reached between the law firm and the co-executors of the estate in which a fee of Three Thousand Dollars was established to represent the "total sum that would be charged for the completion of the estate". It is urged on appeal that the fee in the letter agreement related only to ordinary and reasonable services as opposed to extraordinary services and that the lower court erred by not taking this into consideration in holding appellant to the terms of this agreement. The record on appeal reveals that the trial judge made a proper award for attorneys' fees pursuant to the agreement under which appellant was obligated. Although appellant may have been entitled to a larger award the agreement limits the fee charged and appellant is thereby bound by its terms. 7 Fla.Jur. Contracts § 2 (1956). In Re Estate of Buchman, 270 So.2d 384, 385 (Fla. 3d DCA 1972).
The quoted fee of $2,000 was for the entire probate proceeding and no distinction was made between ordinary and extraordinary services as is often done in such contracts. Although the estate has not been closed, since Fetterman was not allowed to complete his contract, it would appear to us that he should recover the entire contract fee.
Accordingly, the order of July 6, 1982, awarding attorney's fees and costs to the respective attorneys is affirmed in all respects except that the attorney's fee awarded to Evan I. Fetterman is reduced to $2,000 plus the costs awarded by the trial court.
LETTS, C.J., and WALDEN, J., concur.