503 So.2d 385 (1987)
CITICORP REAL ESTATE, INC., a Delaware Corporation, Appellant,
v.
BUCHBINDER & ELEGANT, P.A., Appellee.
No. 86-1487.
District Court of Appeal of Florida, Third District.
February 17, 1987.
Rehearing Denied March 20, 1987.
*386 Weil, Gotshal & Manges and Bruce J. Berman and Andrew P. Laszlo, for appellant.
Arnold Nevins, for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Citicorp Real Estate, Inc. (Citicorp) appeals from final judgments awarding legal fees, prejudgment interest and costs to the appellee law firm, Buchbinder & Elegant, P.A. We affirm.
In September 1983, Venetian Harbour Corporation (Venetian), the owner of certain condominium property upon which Citicorp held a $24-million mortgage, retained Buchbinder & Elegant, P.A., to contest an ad valorem tax assessment. The law firm agreed to represent Venetian under a contingent fee arrangement by which the firm was to receive forty percent of any gross tax savings effected for the client.
The dispute over the tax assessment was scheduled to be heard on March 8, 1984, before a special master. Before the hearing, Venetian and the County began settlement negotiations in which Mr. Lou Vogt, a representative of Citicorp, participated. There was evidence that at the time of these negotiations, Vogt knew that the loan from Citicorp to Venetian had been in difficulty early in 1983 and had been placed in a non-earning status in July 1983, that a default letter accelerating the sums due had been sent to Venetian on November 22, 1983, and that as of the very beginning of March, Venetian (thus far the beneficiary of Citicorp's grace) was not going to be able to rectify the default. With this knowledge, Vogt, also aware of the law firm's fee arrangement with Venetian, actively participated in the settlement negotiations and, indeed, advised Venetian to accept the County's offer. Vogt was later to say in a memorandum to his colleagues that he elected to attend the meeting at which these settlement negotiations occurred because he "recogniz[ed] the importance to Citicorp of the outcome of this hearing." The matter of the tax assessment was thus settled when Mr. Elegant, a member of the law firm, and his client accepted the County's offer to reduce the assessment from $19,949,880 to $8,100,000, effecting a tax savings of $315,417.74. Vogt congratulated Elegant on a job well done and asked him to send Citicorp a copy *387 of the law firm's bill, assuring Elegant that Citicorp would see that it was paid.[1] The law firm sent Citicorp its bill for $126,167.09 (forty percent of the tax saving). The bill was not paid.
A month later, in April 1984, Citicorp sent Venetian its next default letter, and on May 4, 1984, sued to foreclose on its mortgage. Buchbinder and Elegant, P.A., intervened in the foreclosure proceeding seeking to recover its legal fee from Citicorp on the theory, inter alia, that a quasi-contract to pay for the law firm's services arose when Citicorp knowingly and voluntarily accepted the benefits of the law firm's services and became unjustly enriched thereby.
There is little question but that Citicorp reaped substantial benefits from the services of the law firm  the taxes which constituted a lien on the property prior in status to Citicorp's mortgage were greatly reduced. However, not every person who may ultimately benefit from another's labors thereby becomes responsible to pay for those labors. It is only when it can be fairly said that the benefiting party has knowingly and voluntarily accepted the benefits that the benefiting party may be held to have been unjustly enriched. Coffee Pot Plaza Partnership v. Arrow Air Conditioning and Refrigeration, Inc., 412 So.2d 883 (Fla. 2d DCA 1982). Where, as here, there is substantial evidence from which the trial judge, as fact-finder, could have found that Citicorp allowed the law firm to consummate the settlement at a time when (a) it was fully aware of the fee to be charged by the law firm, (b) it was entirely in control of the unilateral decision of when to foreclose upon the mortgage and assume the role of owner, and (c) it was, in effect, the functional equivalent of owner, the trial judge could properly have concluded from these and the other circumstances set forth that Citicorp voluntarily and knowingly accepted the benefits of the law firm's services and thereby became unjustly enriched. The judgments under review are accordingly.
Affirmed.
NOTES
[1] There is no evidence that Vogt said that Citicorp itself would pay the law firm's bill.