520 So.2d 323 (1988)
CHALLENGE AIR TRANSPORT, INC., Appellant,
v.
TRANSPORTES AEREOS NACIONALES, S.A., Appellee.
No. 86-2968.
District Court of Appeal of Florida, Third District.
March 1, 1988.
*324 John H. Lipinski, Miami, for appellant.
Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill and Stephen P. Walroth, Tampa, for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
Challenge Air Transport, Inc. (Challenge), appeals from a final summary judgment in favor of Transportes Aereos Nacionales, S.A. (TAN).
Prior to December 19, 1984, Challenge was engaged in the business of the air transportation of cargo; TAN's business involved the air transportation of both cargo and passengers. During this time, Challenge and TAN were parties to a contract which provided that either airline could accept tickets for cargo transportation issued by the other and be entitled to reimbursement for the cost of the tickets from the issuing airline. On December 19, 1984, Challenge began transporting passengers on nonstop flights between Miami and Honduras. TAN was the only other airline at the time who had nonstop flights between these locations. Challenge sought a reciprocal agreement with TAN for the exchange of passenger tickets similar to the agreement the parties had for cargo. Although the parties had not entered into a written contract, Challenge accepted passenger tickets between December 19, 1984 and February 1985 which had been purchased from TAN. Challenge sought reimbursement for the tickets it had accepted but was denied payment. Challenge brought suit against TAN under a theory of unjust enrichment. Summary judgment was entered in favor of TAN. Challenge appeals.
An action for "unjust enrichment" exists to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity. 66 Am.Jur.2d Restitution and Implied Contracts § 3 (1964). The essential elements of an action for unjust enrichment are
a benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof.
17 C.J.S. Contracts § 6, p. 572 (1955). The presumption that one party is entitled to reimbursement arises from the circumstances of the particular case and is rebuttable. Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla.3d DCA 1975).
It is axiomatic that there must be a benefit conferred before unjust enrichment exists. Coffee Pot Plaza Partnership v. Arrow Air Conditioning & Refrigeration, Inc., 412 So.2d 883 (Fla. 2d DCA 1982). Whether TAN received a benefit when Challenge accepted its tickets and flew its passengers is not clear from the record.
While recovery does not rest upon the assent of the contracting parties, Tipper *325 v. Great Lakes Chemical Co., 281 So.2d 10 (Fla. 1973); Circle Finance Co. v. Peacock, 399 So.2d 81 (Fla. 1st DCA), review denied, 411 So.2d 380 (Fla. 1981), the party for whose benefit the services were rendered must have requested the services or have knowingly and voluntarily accepted their benefits, Citicorp Real Estate, Inc. v. Buchbinder & Elegant, P.A., 503 So.2d 385 (Fla. 3d DCA), review denied, 513 So.2d 1060 (Fla. 1987); Nursing Care Servs., Inc. v. Dobos, 380 So.2d 516 (Fla. 4th DCA 1980). It is undisputed that Challenge and TAN were negotiating an agreement for passenger service along the lines of their existing agreement for cargo. Correspondence and other communications exchanged during the negotiation process suggest that the parties may have had a tacit agreement for the exchange of passenger tickets pending a formal written agreement.
Whether TAN knew that Challenge was performing this service and whether there was a benefit to TAN warranting reimbursement to Challenge remain disputed issues precluding summary judgment.
Accordingly, we reverse and remand this cause to the trial court for further proceedings.