524 So.2d 710 (1988)
Henry M. BUTLER, INC., Appellant,
v.
TRIZEC PROPERTIES, INC., F/K/a Trizec Western, Inc., and Clearwater Mall Company, Appellees.
No. 87-2367.
District Court of Appeal of Florida, Second District.
May 4, 1988.
*711 Roberta A. Colton and Courtney B. Wilson of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
Joel R. Tew, Robert L. Barnes, Jr. and Susan S. Graddy of Tew & Zinober, Clearwater, for appellees.
RYDER, Acting Chief Judge.
In early 1983, Daniel R. Giannini (Giannini) negotiated a lease with appellees for an area to be used as a law office. The leased premises were an unimproved space with a dirt floor. The lease provided in pertinent part:
Landlord hereby leases and demises unto Tenant and Tenant hereby leases and takes from Landlord, for the term, at the rental, and upon the covenants and conditions hereinafter set forth, the commercial space referred to herein as the "premises", and described on Exhibit "B". Tenant agrees that (i) Tenant shall accept the premises in an "as is" condition, (ii) Landlord shall have no responsibility for any work of improvement/which may be required to prepare the premises for Tenant's use or for any work in remodeling the premises, (iii) Tenant, at his sole cost and expense, shall complete any items of work/which may be required upon the premises and undertake any remodeling upon the premises prior to the initial opening for business/ ..., (v) all such work and remodeling shall be done in accordance with plans and specifications which shall have received the prior written approval of Landlord... .
Giannini contracted with appellant to improve the premises. Appellant made the improvements. Giannini failed to pay appellant for appellant's work.
Appellant filed a claim of lien against Giannini's leasehold interest in appellees' property. Appellant notified appellees of the claim of lien against Giannini's leasehold interest.
Appellees demanded that Giannini satisfy the lien or be evicted. Giannini filed bankruptcy and failed to satisfy the lien. The bankruptcy court terminated the lease. Appellees took possession of the premises including the improvements.
Appellant brought this action against Giannini and appellees seeking to foreclose a mechanic's lien, to impose an equitable lien, and to recover under theories of unjust enrichment and breach of contract. The trial court limited the extent of appellant's lien to Giannini's leasehold interest in the property.
Appellees filed a motion for summary judgment. The trial court granted appellees' motion for summary judgment. Appellant raises four points on appeal. We find merit in only one. Appellant contends that the trial court erred in granting appellees' motion for summary judgment on appellant's unjust enrichment claim against appellees. We agree.
In Challenge Air Transport, Inc. v. Transportes Aereos Nacionales, S.A., 520 So.2d 323, 324-25, (Fla. 3d DCA 1988) the court stated:
An action for "unjust enrichment" exists to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity. 66 Am.Jur.2d Restitution *712 and Implied Contracts § 3 (1964). The essential elements of an action for unjust enrichment are
a benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof.
17 C.J.S. Contracts § 6, p. 572 (1955). The presumption that one party is entitled to reimbursement arises from the circumstances of the particular case and is rebuttable. Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975).
It is axiomatic that there must be a benefit conferred before unjust enrichment exists. Coffee Pot Plaza Partnership v. Arrow Air Conditioning & Refrigeration, Inc., 412 So.2d 883 (Fla. 2d DCA 1982).
While recovery does not rest upon the assent of the contracting parties, Tipper v. Great Lakes Chemical Co., 281 So.2d 10 (Fla. 1973); Circle Finance Co. v. Peacock, 399 So.2d 81 (Fla. 1st DCA), review denied, 411 So.2d 380 (1981), the party for whose benefit the services were rendered must have requested the services or have knowingly and voluntarily accepted their benefits, Citicorp Real Estate, Inc. v. Buchbinder & Elegant, P.A., 503 So.2d 385 (Fla. 3d DCA), review denied, 513 So.2d 1060 (1987); Nursing Care Servs., Inc. v. Dobos, 380 So.2d 516 (Fla. 4th DCA 1980).
From the record in the instant case, it appears that appellees received a benefit from appellant's work. With appellees' approval, appellant turned an unimproved area with a dirt floor into a finished office space with an acoustical ceiling, carpeting, vinyl flooring, trim and wallpaper, light fixtures, bathroom fixtures and an air conditioning system. When the bankruptcy court terminated Giannini's lease, appellees took possession of the premises including the improvements.
We reverse the trial court's summary judgment on appellant's unjust enrichment claim. A material issue exists as to whether appellees were unjustly enriched.
Accordingly, we reverse and remand this cause to the trial court for proceedings consistent with this opinion.
LEHAN and HALL, JJ., concur.