## SAFE KEY SECURITY v STACKPOOLE, etc.

### Case No. 89-1918-SP-12H

County Court, Volusia County

October 6, 1989

**APPEARANCES OF COUNSEL**

**Robert Robins,** for plaintiff.

**Michael A. Stackpoole,** pro se.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came before the Court on September 12, 1989 for a non-jury trial. This Court, upon consideration of the testimony elicited, the documentary evidence, and caselaw, finds as follows:

Plaintiff, locksmith, sues defendant, owner of coin operated washer and dryer, for $179.14 plus interest for services rendered. Defendant testified that he called plaintiff and told him that he had lost his keys to the coin boxes on his washer and dryer and that he needed the boxes opened that day. John Larue, owner of Safe-Key Security, Inc., quoted $25.00 for a service fee and $10.00 to fit the keys.

Plaintiff's invoice (Exhibit 1) shows a $25.00 service charge; $30.00 to open the cash boxes on the washer and dryer; $80.00 to remove and

replace the coinholders; and $34.00 to remove and replace the locks for a total of $169.00 plus $10.14 in tax for a grand total of $179.14. Defendant's employee signed the invoice after the work was completed, i.e., said employee did not in fact order the work.

It is initially clear that an account stated theory of recovery does not lie herein since there were no prior dealings between the parties out of which an account arose. See *Architectronics, Inc. v Salem-American Ventures*, 350 So.2d 581 (Fla. 2d DCA 1977) and *Dutch Inns of America, Inc. v Jenkins*, 301 So.2d 119 (Fla. 3d DCA 1974).

Plaintiff, during trial, raised an unjust enrichment theory of recovery. Plaintiff's failure to specify quantum meruit as a basis of recovery in its complaint does not preclude such relief. *Miller v Bill Rivers Trailers, Inc.*, 450 So.2d 334 (Fla. 1st DCA 1984).

Quantum meruit is the name for the legal doctrine which, in the absence of an express agreement, imposes legal liability on a contract that the law implies from facts where one receives goods or services from another under circumstances where in the normal course of common affairs a reasonable person receiving such benefit would ordinarily expect to pay for it. *Osteen v Morris*, 481 So.2d 1287 (Fla. 5th DCA 1986). While recovery under the theory of unjust enrichment does not rest upon the assent of contracting parties, the party for whose benefit the services were rendered must have requested the services or have knowingly and voluntarily accepted their benefits. *Challenge Air Transport, Inc. v Transportes Aereos Nacionales, S.A.*, 520 So.2d 323 (Fla. 3d DCA 1988), *Coffee Pot Plaza v Arrow Air Conditioning*, 412 So.2d 883 (Fla. 2d DCA 1982), *Nursing Care Services, Inc. v Dobbs*, 380 So.2d 516 (Fla. 4th DCA 1980) and *Symon v J. Rolfe Davis, Inc.*, 245 So.2d 278 (Fla. 4th DCA 1971).

It is also clear that any proof of an express agreement between the parties as to the compensation to be paid for the services rendered would defeat rather than sustain an action based upon quantum meruit. *In Re Estate of Lonstein*, 433 So.2d 672 (Fla. 4th DCA 1983) and *Solutec Corp. v Young & Lawrence Associates, Inc.*, 243 So.2d 605 (Fla. 4th DCA 1971). Where a plaintiff, either deliberately or without design, has done more than he was engaged to do, he is entitled in a quantummeruit action to no more than the reasonable value of what he was engaged to do. *Dean v Blank*, 267 So.2d 670 (Fla. 4th DCA 1972).

Plaintiff is entitled to recover the $25.00 service fee and $10 to fit the keys under the express oral contract described, *supra*. Defendant, as previously indicated, testified he told plaintiff that he needed the coin

184

boxes opened immediately (the day he called). Plaintiff is entitled to the $30 charged to open the two coin boxes under a quantum meruit theory. Plaintiff is not entitled to the remainder of the charges since there was no evidence that he was engaged to remove and replace the coin boxes and locks. It would be noted that the fact that defendant's employee signed the invoice after the work was completed does not constitute a ratification of the total charges since there was no evidence that defendant was fully informed and that he had approved. See *Ball v Yates,* 20 So.2d 729 (Fla. 1946); *Pedro Realty Inc. v Silva,* 399 So.2d 367 (Fla. 3d DCA 1981), and *Carolina-Georgia Carpet & Tex. v Pelloni,* 370 So.2d 450 (Fla. 4th DCA 1979).

THEREFORE, it is hereby

ORDERED AND ADJUDGED that said plaintiff do have and recover of and from said defendant the sum of ($68.90 damages plus $3.90 sales tax), interest in the amount of $4.62 and reasonable attorneys fees in the amount of $0 together with costs in his behalf expended and herein taxed at $55.50 for all of which let execution issue.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 6th day of October, 1989.