694 So.2d 833 (1997)
John CORN and Carol Corn, Appellants,
v.
Salvador GRECO and Adele Greco, Appellees.
No. 96-00258.
District Court of Appeal of Florida, Second District.
May 23, 1997.
*834 Michael C. Addison, Tampa, for Appellants.
David A. Bacon of Bacon, Bacon, Johnson, Goddard & Brown, P.A., St. Petersburg, for Appellees.
PER CURIAM.
This appeal concerns a final judgment awarding quantum meruit damages despite the existence of an enforceable contract. Because such relief is inappropriate in this circumstance, we reverse.
Salvador and Adele Greco (the Grecos) leased fifty-three acres of agricultural property to John and Carol Corn (the Corns) for $1,500 a month under a lease purchase agreement executed on May 18, 1991. Confusion regarding a term in the agreement, however, prompted the Grecos to seek cancellation on the following day. Specifically, the Grecos had misunderstood paragraph 14.3 of the agreement which provided that all rent payments made by the Corns "shall be shown as a credit to the Purchaser at the time of settlement." The Grecos objected to any potential rent credit toward the purchase price and attempted to cancel the agreement.
The Corns refused to cancel, took possession of the property, and tendered rent payments for six consecutive months. The Grecos refused each of these payments. The Grecos then brought this action seeking declaratory relief, with regard to paragraph 14.3, and damages based on quantum meruit. The trial court dismissed a separate allegation of breach of contract because of the Corns' consistent willingness to pay rent. In turn, the Corns counterclaimed and alleged fraudulent misrepresentation, breach of contract, and civil theft. A nonjury trial was conducted.
In its final judgment, the trial court determined that the agreement unambiguously contemplates rent credit should the Corns exercise their option to purchase. Therefore, the court denied the Grecos' claim for declaratory relief. The court, nonetheless, awarded the Grecos $69,000 in quantum meruit damages, an amount equal to the total amount of rent due at the time of the final judgment. The Corns have appealed.
Quantum meruit damages cannot be awarded upon the singular determination that the requesting party is deserving. There are constraints upon the availability of such reliefherein, the existence of an enforceable contract. Hazen v. Cobb, 96 Fla. 151, 117 So. 853, 858 (1928); Kovtan v. Frederiksen, 449 So.2d 1 (Fla. 2d DCA 1984); In re Estate of Lonstein, 433 So.2d 672, 674 (Fla. 4th DCA), review denied, 441 So.2d 632 (Fla.1983). Quantum meruit relief is founded upon the legal fiction of an implied contract. This fiction cannot be maintained, however, when the rights of the parties are described in a written contract. See Hoon v. Pate Constr. Co., 607 So.2d 423, 427 (Fla. 4th DCA 1992), review denied, 618 So.2d 210 (Fla. 1993). We must, therefore, reverse the final *835 judgment to this extent.[1]
Reversed.
PATTERSON, A.C.J., and LAZZARA and FULMER, JJ., concur.
NOTES
[1] The Corns have raised a separate issue with respect to the application of section 57.105, Florida Statutes (1995), to their civil theft allegations. No resolution of this issue was achieved below; we decline to conduct a premature review.