RAMIREZ, J.
E & M Marine Corp. appeals a final judgment and an award of costs, both entered in favor of First Union National Bank. We affirm the final judgment and reverse the award of costs.
In October, 1995, Adela Valle purchased a 1988 thirty-two foot Wellcraft vessel with a loan from First Union. In October, 1996, E & M Marine repaired the vessel’s engines and thereafter, the vessel remained at E & M Marine. The vessel sank in January 1997, and E & M Marine salvaged it and repaired the electrical system. Valle did not pay for any of the repairs to the vessel, and subsequently defaulted on her loan payments to First Union.
First Union filed suit against Valle to recover the monies due under the promissory note, and also sought a writ of replev-in in order to obtain possession of the vessel. In June, 1997, First Union became aware that the vessel was in E & M Marine’s possession. First Union then amended its complaint to include E & M Marine as a co-defendant on the replevin count and obtained a pre-judgment writ of replevin against E & M Marine. E & M Marine cross-claimed for the amount it was owed for repairs on the vessel, approximately $10,000. First Union then took possession of the vessel in August, 1997 and transported it to a marina in Broward County. First Union kept the vessel in storage throughout the litigation.
After First Union brought suit against Valle, she declared bankruptcy, her debts were discharged and First Union’s suit against her resolved. The main issue then left for trial was whether E & M Marine could collect the monies owed for repairs to the vessel from First Union under a theory of unjust enrichment. The trial court held that First Union was not liable for payment of the repairs to the vessel because it had neither authorized nor known about them, and thus, the elements of unjust enrichment were not met. The trial court also awarded the cost of transportation and storage of the vessel, approximately $12,000, to First Union as costs necessary to the litigation.
The trial court’s holding that First Union was not unjustly enriched is correct. “Where unjust enrichment is asserted, a party is liable for services rendered only when he requests the other party to perform the services or knowingly and voluntarily accepts their benefits.” Coffee Pot Plaza Part. v. Arrow Air Cond. and Ref., Inc., 412 So.2d 883, 884 (Fla. 2d DCA 1982). In Coffee Pot, the tenant was responsible for the installation, maintenance and repair of refrigeration equipment. The tenant entered an agreement with Arrow to repair and install the equipment. The tenant never paid Arrow for the repairs and failed to pay rent to Coffee Pot. Coffee Pot terminated the lease and regained possession of the property. Arrow brought an action to recover monies due for its work, alleging that Coffee Pot was obligated to pay under a theory of unjust enrichment. The court held that Arrow could not recover under an unjust enrichment theory because Coffee Pot did not request that Arrow repair or install the refrigeration equipment. Additionally, Coffee Pot did not knowingly or voluntarily accept the benefit of Arrow’s work because it did not come into control of the equipment until after Arrow had completed the repairs, and then only through the forced termination of the lease.
In this case, First Union did not request that E & M Marine repair the vessel. The engine repairs were made before Valle had defaulted on the loan and First Union had any right to seek possession. First Union had no knowledge of the *313 vessel’s whereabouts until more than three months after E & M Marine salvaged the vessel and made the electrical repairs. First Union only gained control of the vessel because it was forced to repossess it after Valle defaulted on the loan payments. Under Coffee Pot, supra, First Union did not knowingly and voluntarily accept the benefit of E & M Marine’s repairs. Consequently, E & M Marine cannot recover due to unjust enrichment.
First Union was awarded the cost of taking possession of the vessel as part of the cost of executing the pre-judgment writ of replevin. However, there was no basis upon which to charge E & M Marine with the cost of moving the vessel. First Union had the right to charge Valle for such costs based on the security agreement between them. First Union had no such agreement with E & M Marine. Additionally, section 78.18, Florida Statutes (1995),[1] does not apply because E & M Marine did not wrongfully take or detain the vessel and did not contest possession of the vessel; it only claimed an equitable lien for money damages. Thus, the trial court improperly awarded the cost of moving the vessel to First Union.
First Union was also awarded the cost of keeping the vessel in storage for almost three years, pursuant to section 57.041, Florida Statutes (1999).[2] We reverse that award because First Union’s storage of the vessel was not reasonably necessary to the litigation. See Centex-Rooney Constr. Co., Inc. v. Martin County, 725 So.2d 1255, 1261 (Fla. 4th DCA 1999) (cost of daily transcripts disallowed because there was no finding of necessity); see also Orlando Reg’l Med. Ctr., Inc. v. Chmielewski, 573 So.2d 876, 883 (Fla. 5th DCA 1991)(“costs of depositions not used at trial may be taxed, if the prevailing party can show the taking of the deposition was ‘reasonably necessary.’ ”). First Union argues that storage was necessary because there was an evidentiary dispute involving the actual repairs made to the vessel and the value of those repairs which required First Union to keep the vessel available. We disagree that resolution of any such dispute required storage of the vessel.
First Union posted a bond for twice the value of the vessel when it initiated the replevin action. As E & M Marine only sought monies due for repairs, the bond was more than adequate to cover any adverse judgment against First Union. Additionally, experts for both sides could have examined the vessel and testified as to the cost of the disputed repairs. Lastly, at no time did First Union try to mitigate costs by petitioning the trial court for permission to sell the vessel, especially after E & M Marine did not seek possession. Thus, First Union’s storage of the vessel was not reasonably necessary to the litigation.
Therefore, we affirm the final judgment in favor of First Union, and reverse the trial court’s award of transportation and storage costs.

. § 78.18. Judgment for plaintiff when goods not delivered to defendant. If it appears that the property described in the complaint was wrongfully taken or detained by defendant and the property has been delivered to plaintiff by the officer executing the writ, plaintiff shall have judgment for his or her damages caused by the taking and detention and costs.

. § 57.041. Costs; recovery from losing party.
(1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; ...
(2) Costs may be collected by execution on the judgment or order assessing costs.