DAVIS, Judge.
 

 Eileen Jackson-Jester and her husband, James R. Jester, challenge the June 22, 2009, final judgment imposing an equitable lien against their real property in favor of Coral Springs Restoration Group, Inc. (CSRG), and granting foreclosure of that lien. They specifically challenge the partial summary judgment on liability entered against them on January 7, 2009, by which the trial court determined that an equitable lien should be imposed. They also challenge the subsequent determination of damages that established the judgment amount secured by the lien and resulted in entry of the final judgment of foreclosure of that lien.
 
 [1]
 
 We conclude that the summary judgment on liability was improperly entered because genuine issues of material fact exist as to the claims. We therefore reverse the final judgment of foreclosure and remand for the trial court to deny the motion for partial summary judgment on liability and readdress any motions and claims left pending as a result of that denial.
 

 Eileen Jackson-Jester and her brother inherited the instant property after their mother’s death in 1987. Mrs. Jackson-Jester was the personal representative of her mother’s estate;
 
 [2]
 
 however, the estate never transferred title to the property to the siblings. Mrs. Jackson-Jester’s brother resided at the property until 2001, when he had to move for physical care. After that time, the vacant property fell into a state of disrepair.
 

 In February 2005, CSRG purchased the property from AQA Rehab, LLC, a limited liability company for which Abdul Aziz was the managing partner. Aziz was a man who falsely held himself out as the owner of the property based on his having recorded several forged deeds professing that the property was transferred to him from various owners.
 
 [3]
 
 • CSRG used a title search company, LandCastle Title, LLC, to perform a title search, record the new transfer of title, and issue a guarantee of that title. CSRG then rehabilitated the previously uninhabitable property with plans to sell it. Mrs. Jackson-Jester, as personal representative of the estate, discovered that someone else was claiming title to the property and filed an action to quiet title. CSRG filed a counterclaim seeking, among other claims, an equitable lien based on unjust enrichment to recover the money it had invested into the rehabilitation of the property and a cross-claim against LandCastle for damages incurred due to LandCastle’s negligence in searching the title.
 

 
 *90
 
 The trial court entered summary judgment on the estate’s quiet title claim and vested title to the property in the estate. Based on a stipulation entered by CSRG, the trial court found that all of the deeds of record after the death of Mrs. Jackson-Jester’s mother were void as they were forged and fraudulently recorded on the public records. The estate then transferred title of the property to Mrs. Jackson-Jester as the surviving heir of the estate, and she deeded the property to herself and her husband.
 

 CSRG filed a motion for partial summary judgment on liability based on its remaining counterclaims of constructive trust, unjust enrichment, and equitable lien. The trial court granted this motion, leaving the determination of damages pending. CSRG then filed a motion for partial summary judgment on damages. In granting this motion, the trial court entered an order of foreclosure by which a lien for the amount of determined damages was entered against the property, the lien was foreclosed, and the property was set for public sale.
 

 Mrs. Jackson-Jester and Mr. Jester allege that the trial court erred in entering the partial summary judgment on liability when genuine issues of material fact existed on the record and that the trial court also erred in the subsequent calculation of damages. We agree that genuine issues of material fact remain to be resolved as to whether an equitable lien should have been imposed.
 

 The trial court’s order does not spell out the basis upon which it entered summary judgment on the equitable lien claim. But because no fraud or misrepresentation on the part of Mrs. Jackson-Jester is alleged, summary judgment had to be based on the elements of the unjust enrichment claim as pleaded.
 
 See Spridgeon v. Spridgeon,
 
 779 So.2d 501, 502 (Fla. 2d DCA 2000) (“[Ejquitable circumstances other than fraud or misrepresentation, including the prevention of unjust enrichment, are proper grounds for imposing equitable liens .... ”);
 
 see also Della Ratta v. Della Ratta,
 
 927 So.2d 1055, 1060 (Fla. 4th DCA 2006) (“The unjust enrichment claim in count I of the complaint was an action at law. The same grounds that would support a claim for unjust enrichment as a contract implied in law would also justify the imposition of an equitable lien.” (footnote omitted)).
 

 For a trial court to properly grant a motion for summary judgment, the court must find that there are no genuine issues of material fact in the record regarding the elements of the cause of action.
 
 Gomes v. Stevens,
 
 548 So.2d 1163, 1164 (Fla. 2d DCA 1989).
 

 A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden, furthermore, is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.
 

 Id,
 
 (citations omitted).
 

 The essential elements that must be proven under a theory of unjust enrichment are a benefit conferred upon a defendant by the plaintiff, the defendant’s appreciation of the benefit, and the defendant’s acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.
 

 
 *91
 

 Swindell v. Crowson,
 
 712 So.2d 1162, 1163 (Fla. 2d DCA 1998);
 
 see also Golden v. Woodward,
 
 15 So.3d 664, 670 (Fla. 1st DCA 2009).
 

 Here, it is undisputed that CSRG conferred a benefit on the property at issue that is owned by Mrs. Jackson-Jester and Mr. Jester. However, in order to prove that they were unjustly enriched by the benefit, it must be shown that they either requested that CSRG confer the benefit or that they knowingly and voluntarily accepted the benefit.
 
 See Coffee Pot Plaza P’ship v. Arrow Air Conditioning & Refrigeration, Inc.,
 
 412 So.2d 883, 884 (Fla. 2d DCA 1982) (“Where unjust enrichment is asserted, a party is liable for services rendered only when he requests the other party to perform the services or knowingly and voluntarily accepts their benefits.”).
 

 The trial court concluded that whether Mrs. Jackson-Jester knew of the ongoing repair work was not dispositive of the issue. However, because the record is clear that Mrs. Jackson-Jester did not request that CSRG perform the repairs, in order to properly grant summary judgment based on unjust enrichment, the trial court had to find that she knowingly accepted and retained the repairs.
 
 See id.
 
 The record that was before the trial court simply does not support such a conclusion as a matter of law. Whether Mrs. Jackson-Jester knew of the work and purposely delayed in notifying CSRG of the title issues on the property, as CSRG argues, is a question of fact not subject to determination on a summary judgment motion.
 
 See Gomes,
 
 548 So.2d at 1164-65.
 

 Although the trial court’s order granting partial summary judgment recites the absence of Mrs. Jackson-Jester for many years prior to December 2004, the real time frame at issue is the date of commencement of the remodeling project through June 1, 2005, the date CSRG asserts the remodeling was completed. Although the record is not clear as to exactly when construction commenced, the record indicates that the work began sometime between February 4 and May 5, 2005.
 
 [4]
 

 After learning of the title problem, Mrs. Jackson-Jester, who was residing in Georgia, contacted the police department in December 2004 to complain that someone was trying to “steal” her property. She also contacted the state attorney’s office with the same complaint. She then retained an attorney, who began to prepare the quiet title action.
 

 The trial court’s order states that Mrs. Jackson-Jester’s deposition indicates that she was aware that someone was working on the property prior to the filing of her complaint.
 
 [5]
 
 But the only record evidence of when Mrs. Jackson-Jester became aware that improvements were being made to the home is her statement that her attorney contacted her with the news in
 
 *92
 
 September 2005, almost four months after the filing of the initial quiet title action and after the completion of the remodeling. Thus a factual question remains regarding whether she appreciated that the benefit was being bestowed on the property and knowingly accepted and retained that benefit.
 

 There are also unresolved factual issues regarding the last element of the unjust enrichment and equitable lien claims, i.e., whether it would be inequitable for the owners of the property to retain the benefit without the imposition of the lien. At the time the trial court entered summary judgment, CSRG maintained a cause of action against LandCastle for professional negligence. If CSRG successfully recovers damages in that action as well as in the instant action, CSRG could be unjustly enriched by recovering twice for the same injury. The trial court’s determination that it would be unjust for Mrs. Jackson-Jester and Mr. Jester to retain the benefit conferred on the property and that equity required granting the equitable lien in favor of CSRG was premature.
 

 Because the trial court improperly granted summary judgment on liability, we reverse the final judgment of foreclosure and remand with instructions that the trial court deny the motion for partial summary judgment on liability and proceed on the motions and claims left pending as a result of the denial. Our reversal as to liability renders moot Mrs. Jackson-Jester and Mr. Jester’s arguments regarding the amount of damages awarded.
 

 Reversed and remanded.
 

 WHATLEY and MORRIS, JJ., Concur.
 

 [1]
 

 . The trial court used the terms "liability” and "damages” to distinguish between the issues considered at the two separate hearings. Because the value of the lien was only determined at the second hearing, the establishment of "liability” did not actually impose a lien. Accordingly, only the judgment entered after the second hearing was a final judgment subject to appellate review.
 

 [2]
 

 . Although Mrs. Jackson-Jester also listed herself as the personal representative of the estate for the purposes of this appeal, the estate is closed and is no longer a party to these proceedings.
 

 [3]
 

 .The record includes a deed purportedly signed by Mrs. Jackson-Jester’s mother some twelve years after her death, a deed purportedly signed by Mrs. Jackson-Jester's brother the day before he died, and a personal representative’s deed purportedly signed by Mrs. Jackson-Jester.
 

 [4]
 

 . The deed transferring title was dated February 4, 2005, but the record indicates that the title company improperly recorded it and that CSRG was delayed in obtaining the building permits. The deed was not actually recorded until May 5, 2005. Assuming that the recording was a prerequisite to obtaining the permit, the work may not have begun until that date.
 

 [5]
 

 . The trial court’s order cites to the following excerpt from the deposition of Mrs. Jackson-Jester:
 

 Q. So you found out before your brother passed away in January 2005 that something strange was going on with your mom’s property?
 

 A. That was in 11/04.
 

 Q. November 04?
 

 A. Uh-huh (affirmative).
 

 In the deposition, Mrs. Jackson-Jester explained that it was at this time that she learned that someone else was claiming title to the property. The "something strange’’ reference did not necessarily relate to construction being undertaken by CSRG, which did not, in fact, even obtain title to the prop
 
 *92
 
 erty until February 2005. Thus the trial court’s basis for finding that Mrs. Jackson-Jester knew of the construction at an early date is unfounded.