VAN NORTWICK, J.
CMH Homes, Inc., appeals a final summary judgment of foreclosure entered in favor of LSFC Company, LLC, appellee, arguing that the trial court erred in granting summary judgment when LSFC had not established that CMH’s affirmative defense of unjust enrichment was legally insufficient. Because the elements of unjust *965 enrichment cannot be established under the undisputed facts in this record, we affirm the summary judgment.
Fort Atkinson Plantation, LLC, executed the subject notes and mortgages in 2006 to finance a development in Lafayette County, Florida. Approximately one year later, CMH and Fort Atkinson entered into an agreement under which CMH would construct a model home on lot 9 within the development. Under the agreement, CMH would be paid when the model home was sold, but not until other residences in the development were first constructed. In addition, in the agreement CMH acknowledged that Fort Atkinson possessed title to lot 9 “free and clear of all liens and encumbrances except for the mortgage indebtedness” that Fort Atkinson executed in 2006.
The subject notes and mortgages were repeatedly assigned and eventually came to be owned by LSFC. In 2011, LSFC filed a complaint to foreclose the subject mortgages, naming CMH as a defendant. In defending the foreclosure action, CMH argued that it would be inequitable to allow the lender to take control, possession or title to the model home without paying fair value for that property. At the hearing on LSFC’s motion for summary judgment, the merits of this unjust enrichment affirmative defense were argued. After the hearing, the trial court entered a final judgment of foreclosure on all mortgage property including the lot on which the model home was constructed, implicitly rejecting the unjust enrichment defense.
We hold that, under the undisputed facts here, LSFC was not unjustly enriched. To establish unjust enrichment, a party must show that:
(1) a benefit was conferred upon [the party allegedly enriched], (2) that [the enriched party] either requested the benefit or knowingly and voluntarily accepted it, (3) that a benefit flowed to the [enriched party], and (4) that under the circumstances, it would be inequitable for the [enriched party] to retain the benefit without paying the value thereof.
W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 303 (Fla. 1st DCA 1999).
We find instructive E & M Marine Corp. v. First Union National Bank, 783 So.2d 311 (Fla. 3d DCA 2001). There, a party purchased a boat using a loan from First Union. The boat required extensive repairs, for which the purchaser was unable to pay; the purchaser also defaulted on the loan. First Union moved to recover the boat by a writ of replevin. E & M Marine, the marine repair business, argued that it was entitled to the cost of the repairs on a theory of unjust enrichment. The reviewing court affirmed the trial court’s ruling that E & M Marine could not recover on a theory of unjust enrichment explaining:
First Union did not request that E & M Marine repair the vessel. The engine repairs were made before [the purchaser] had defaulted on the loan and First Union had any right to seek possession. First Union had no knowledge of the vessel’s whereabouts until more than three months after E & M Marine salvaged the vessel and made the electrical repairs. First Union only gained control of the vessel because it was forced to repossess it after [the purchaser] defaulted on the loan payments.... First Union did not knowingly and voluntarily accept the benefit of E & M Marine’s repairs. Consequently, E & M Marine cannot recover due to unjust enrichment.
Id. at 312-313; see also Coffee Pot Plaza Partnership v. Arrow Air Conditioning, 412 So.2d 883 (Fla. 2d DCA 1982).
As in E & M Marine, we find no benefit conferred upon LSFC by CMH’s construe *966 tion of the model home. The decision to lend to Fort Atkinson made by the predecessor in interest to LSFC was made prior to CMH’s construction of the model, and the home was constructed prior to any default by Fort Atkinson under the loan. Further, there is no evidence that any benefit was either requested or knowingly and voluntarily accepted by LSFC or its predecessor. Finally, under the agreement between Fort Atkinson and CMH, the interests of CMH are expressly inferi- or to the security interest of LSFC.
AFFIRMED.
CLARK and OSTERHAUS, JJ., concur.