547 So.2d 674 (1989)
CRAIG W. SHARP, P.A., D/B/a Osborn Sharp Associates, Appellant,
v.
ADALIA BAYFRONT CONDOMINIUM, LTD., a Florida Limited Partnership, James P. Ahearn, Glen S. Hooper, Robert C. Hutchinson, Henry Hyatt, Paul McCloskey, Zoltan Petrany, John B. Rew, Eugene H. Ruffolo, Allen L. Sheer, John Tapley, Robert Withers, and Duane L. Erbaugh, Appellees.
No. 88-02530.
District Court of Appeal of Florida, Second District.
July 14, 1989.
Rehearing Denied August 17, 1989.
*675 Robert S. Hobbs of Harry M. Hobbs, P.A., Tampa, for appellant.
George W. Phillips and Neil E. Polster of George W. Phillips, P.A., Tampa, for appellees.
ALTENBERND, Judge.
The plaintiff, Craig W. Sharp, P.A., d/b/a Osborn Sharp Associates (Osborn Sharp), appeals a final judgment on directed verdict in favor of Adalia Bayfront Condominium, Ltd., a Florida limited partnership, and its several partners (Adalia Bayfront). Osborn Sharp sued Adalia Bayfront for unpaid fees concerning architectural services performed on a condominium project. While we agree with the trial court that Osborn Sharp did not have a written contract with Adalia Bayfront concerning these architectural services, we reverse the judgment because issues of fact remain on Osborn Sharp's theories of implied contract and promissory estoppel.
The evidence at trial would support the following statement of facts: Mr. Sharp met with Dr. Robert Withers and Mr. Richard Seaman in October 1981 to discuss a condominium project which Dr. Withers and Mr. Seaman planned to build near the northern tip of Davis Islands in Tampa, Florida. The two developers had created a Florida corporation, Adalia Court, Inc., which owned the land involved in the development. On November 7, 1981, Osborn Sharp entered into a "Standard Form of Agreement Between Owner and Architect," which listed "Adalia Court, Inc., Richard Seaman, et al." as the owner. That written contract for architectural services was signed by Mr. Sharp on behalf of Osborn Sharp, and by Mr. Seaman on behalf of Adalia Court, Inc. No other person or entity signed the contract. Mr. Sharp included the reference to "et al." in the contract because he had been informed that a limited partnership would be created later to replace the corporation.
*676 In January 1982, Adalia Bayfront was formed as a Florida limited partnership. It acquired the stock of Adalia Court, Inc., and proceeded to develop the condominium. Ultimately, the corporation deeded the property to the limited partnership, and the shell corporation was involuntarily dissolved.
At the inception of the limited partnership, both Dr. Withers and Mr. Seaman were general partners. The limited partnership never signed the November 7, 1981 contract or entered into a new written contract with Osborn Sharp. Mr. Seaman, however, paid Osborn Sharp an initial payment of $15,000 on January 18, 1982, with a check in the name of Adalia Bayfront and signed by Dr. Withers. In Dr. Withers' handwriting, the check states that it is a "payment on architectural services." According to Mr. Sharp, Mr. Seaman informed him at that time that the limited partnership would be responsible for the architectural services. Following that check, Osborn Sharp sent its statements to Adalia Bayfront, and Adalia Bayfront issued four similar payments to Osborn Sharp, the last check being written on June 17, 1982.
Mr. Sharp met with the various members of the limited partnership on more than one occasion. Mr. Seaman prepared a memorandum on Adalia Bayfront's stationery on July 12, 1982, which was sent to Adalia Bayfront's attorney and copied to both Mr. Sharp and Dr. Withers. The memorandum indicated that Mr. Sharp was primarily responsible for several tasks in the development of the condominium. A press release was also issued during that summer by Adalia Bayfront announcing its condominium project and representing that Osborn Sharp was the architect for the project.
Adalia Bayfront experienced various complications with this development by the fall of 1983. As a result, Adalia Bayfront entered into a new general partnership with Robert Fewox to complete the condominium. Mr. Fewox decided to make design changes in the condominium and requested Osborn Sharp to make these changes. Under the new general partnership agreement, however, Adalia Bayfront agreed that it would be liable for Osborn Sharp's past architectural services. Thus, Osborn Sharp sent its final statement of $47,775 to Adalia Bayfront on September 23, 1983. When the final statement was received, Adalia Bayfront first announced that it was not a signatory to the written contract and had no legal obligation to pay Osborn Sharp for the services which it had performed.
The complaint in this case was not a model pleading. Nevertheless, the pretrial order states that implied contractual liability, promissory estoppel, and detrimental reliance were issues to be tried. During the trial, the parties primarily litigated whether the actions of Dr. Withers and Mr. Seaman in the fall of 1981, and the reference to "et al." in the written contract, could bind the subsequently created limited partnership. Under the evidence and arguments presented in this case, we agree with the trial court's decision to grant a directed verdict on Osborn Sharp's theory that the November 7, 1981, written contract was expressly entered into between Osborn Sharp and Adalia Bayfront.
The trial court erred, however, in entering judgment against Osborn Sharp without a factual resolution of the claims for estoppel and implied contract. Concerning the claim of estoppel, it is well established that:
Where a party acts in such a way as to lead others reasonably to change position on the assumption that the party has adopted another's contract as his own, the party so acting is estopped to disclaim his apparent position as a party to the contract.
Gulf Cities Gas Corp. v. Tangelo Park Serv. Co., 253 So.2d 744, 748 (Fla. 4th DCA 1971). See also Ayala v. Murrell, 97 So.2d 13 (Fla. 1957); Manatee County Growers' Ass'n v. Fla. Power & Light Co., 113 Fla. 449, 152 So. 181 (1934). In this case, there were unresolved questions of fact concerning the claim of estoppel.
Even if the trial court had found no assumption of the express contract by estoppel, Osborn Sharp would still have been entitled to seek unjust enrichment *677 under an implied contract. The essential elements of a cause of action for unjust enrichment are stated in Henry M. Butler, Inc. v. Trizec Properties, Inc., 524 So.2d 710 (Fla.2d DCA 1988). Such a claim requires proof of a benefit conferred upon the defendant by plaintiff, appreciation by the defendant of the benefit, and acceptance of the benefit by the defendant under circumstances that make it inequitable for him to retain the benefit without paying the value thereof. In this case, the unresolved evidence presented a potential claim under an implied contract.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.