In re 21ST CENTURY SATELLITE COMMUNICATIONS, INC., a Corporation, Debtor.

21st Century Satellite Communications, Inc., a Corporation, Plaintiff,

v.

Deer Creek Limited, et al., Defendants.

Bankruptcy No. 01–8592–8P1.
Adversary No. 01–425.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 10, 2002.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, Tampa, FL, for plaintiff.

Alex Costopoulos, Michael Haire, Becker & Poliakoff, P.A., Maitland, FL, Bernard H. Gentry, Clark & Campbell, P.A., Lakeland, FL, for defendants.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

#### (Doc. No. 7)

ALEXANDER L. PASKAY, Chief Judge.

The matter in this yet-to-be-confirmed Chapter 11 case presently before this Court is a Motion for Summary Judgment, filed by Deer Creek Ltd. (Deer Ltd.); Deer Creek Golf & Tennis RV Resort, Phase III–A Homeowners Association, Inc. (Deer III–A); and Deer Creek Golf & Tennis RV Resort Phase III–G Homeowners Association, Inc. (Deer III–G) (collectively, Deer Creek), some of the named defendants in this adversary proceeding. The Motion is addressed to all five counts set forth in the Third Amended Complaint (Complaint), filed by 21st Century Satellite Communications, Inc. (Debtor).

The claim in Count I is an action for breach of contract against Deer Ltd. and the relief sought is judgment for damages. The claim in Count II is a replevin action against Deer Creek that seeks to recover certain equipment allegedly currently in possession of Deer Creek. The claim in Count III seeks money damages based on the theory of quantum meruit against, inter alia, Deer Ltd. The claim in Count IV

seeks damages on the theory of unjust enrichment against, inter alia, Deer Ltd. The claim in Count V, seeks the imposition of an equitable lien on certain real property owned by Deer Ltd.

The facts relevant and controlling of the disposition of the Motion under consideration appear from the following documents:

(i) the contract entered into on April 27, 1998, by the Debtor with Deer Ltd. (Agreement) and an addendum (Addendum) (Exhibits A and B to the Complaint, respectively);

(ii) a letter by Time Warner Communications, Inc. (Time Warner), dated May 4, 1998, to Timothy Campbell, the principal of Deer Ltd. (Exhibit F to the Complaint and an exhibit to the Affidavit of George Bochis);

(iii) an Affidavit of George Bochis, an employee of Deer Ltd., with exhibits;

(iv) a letter by Deer Ltd. to the Debtor, dated September 3, 1998 (Exhibit D to the Complaint); and

(v) an Affidavit of Don Ireland, a V.P. of the Debtor, with exhibits.

It appears from the documents that at the time relevant, Deer Ltd. was the owner and operator of a real estate development and originally had a contract with the firm TeleMedia Company of Southeast Florida, Inc. (TeleMedia), who furnished cable services to the residents of the development. TeleMedia assigned its contract to Time Warner. In early 1998, Deer Ltd. had problems with services rendered by Time Warner and notified Time Warner that it was going to cancel the agreement with Time Warner. Time Warner disputed Deer Ltd.'s right to cancel the contract, although at that time no legal proceeding had been instituted by either Deer Ltd. or by Time Warner.

Deer Ltd., in order to find a replacement for the cable services furnished by Time Warner, commenced and negotiated with other suppliers, including the Debtor. Negotiations with the Debtor culminated into the execution of the Agreement (Exh. A). During negotiations, Deer Ltd. informed the Debtor that the cable services were currently provided by Time Warner and that it would cancel the Time Warner contract. The right by Deer Ltd. to cancel the contract with Time Warner is in dispute and the dispute is yet to be resolved.

As a result, to take care of this contingency, the executed Addendum (Exh. B) specifically provided as follows:

In the event that the Recipient is required to comply with the Time Warner agreement, whether by court order, mediation, or Recipient's decision as a result of legal advice with respect to a lawsuit or threat of lawsuit by Time Warner, this Agreement shall be null and void, and Recipient shall have no further obligations to Provider.

The Agreement provided that if that occurs, the Provider (Debtor) shall be entitled to recover its equipment but shall leave the property in as good as a condition as before the provided equipment was installed.

It is without dispute that the Addendum stated that the Time Warner contract had been terminated, albeit, the dispute with Time Warner had not been resolved. Shortly after the execution of the Agreement, the Debtor began the installation of its equipment on the property of Deer Ltd.

On May 4, 1998, Time Warner wrote to Mr. Campbell, a principal of Deer Ltd., that Time Warner would take legal action to enforce its rights under the contract. It was not until August 17, 1998, while the work in installing the equipment was going on, that Deer Ltd. informed the Debtor of the position taken by Time Warner. Deer

Ltd. also informed the Debtor that they were informed by their attorney of the position taken by Time Warner, and relying on the language in the Addendum, Deer Ltd. wrote a letter to the Debtor indicating to the Debtor that the Agreement was rendered null and void. Based upon these undisputed facts, Deer Creek asserts that it is entitled to summary judgment as a matter of law.

According to Deer Ltd., based on the plain and clear language of the Addendum, it had an absolute right to cancel its contract with the Debtor, and therefore the Debtor's claim set forth in Count I of the Complaint is meritless as a matter of law, and its Motion addressed to this count should be granted.

Concerning the claim in Count II, which is a replevin action, Deer Ltd. contends that it has offered for the Debtor to take its equipment. Deer Ltd. contends that the Debtor has failed to accept this offer. Deer Ltd. contends that under Florida Statutes § 78.055, a replevin action must be based on the *wrongful* detention of the property of another and under the effect of this case, Deer Ltd. has not retained the Debtor's property wrongfully. On the contrary, Deer Ltd. offered the Debtor to recover its property, as provided for by the Agreement. The Debtor concedes that this claim cannot be maintained and does not oppose granting the Motion, with respect to Count II of the Complaint.

■ As noted earlier, the claim in Count III is based on the theory of quantum meruit. Concerning its Motion which is directed to this claim, Deer Ltd. relies on the well recognized legal principle that there cannot be a claim based on quantum meruit if the claim is covered by a clear and unambiguous contract. For this proposition, Deer Ltd. cites the following cases *Kovtan v. Frederiksen*, 449 So.2d 1 (Fla. 2d DCA 1984); *Commerce Partnership*

*8098 Limited Partnership v. Equity Contracting Company, Inc.*, 695 So.2d 383 (Fla. 4th DCA 1997); and *Corn v. Greco*, 694 So.2d 833 (Fla. 2d DCA 1997). These cases stand for the proposition that quantum meruit relief is founded on the legal proposition of an implied contract; thus, this fiction cannot be maintained if the rights of the parties are spelled out clearly in a written contract. This appears to be a correct statement of the law of this State; thus, the claim set forth in Count III of the Complaint equally cannot be maintained. The Motion addressing this count should be granted.

■ The claim in Count IV of the Complaint is based on unjust enrichment. This claim corollary the earlier claim based on quantum meruit, and is a contract implied in law. To recover for unjust enrichment, you have to convey a benefit and the benefit has to be accepted. Deer Ltd. contends that the contract in question provides that upon termination, the Debtor has the right to recover its equipment; and therefore, an essential element for unjust enrichment is lacking. In support thereof, Deer Ltd. cites *Craig W. Sharp, P.A. v. Adalia Bayfront Condominium, Ltd.*, 547 So.2d 674 (Fla. 2d DCA 1989). In this case, the court held that, "such a claim requires proof of the benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of the benefit, and acceptance of the benefit by the defendant under circumstances that make it inequitable for him to retain the benefit without paying the value thereof." Id. at 677.

The last claim (Count V) in the Complaint is a request for an equitable lien to be imposed on the property of Deer Ltd. to secure the amount of money damages the Debtor is entitled to recover under any of the theories outlined above. Having concluded that the Debtor has no viable claim in Count II (replevin) and Count III

(quantum meruit), the Debtor is likewise not entitled to any protection of an equitable lien for these counts. This leaves for consideration only two claims that require some detailed discussion.

 These are the claims for breach of contract (Count I) and the unjust enrichment (Count IV). The Debtor concedes that, based on the literal reading of the relevant terms of the Addendum, Deer Ltd. had the right to cancel its contract with the Debtor by letter dated September 3, 1998. However, the Debtor contends that every contract has an implied requirement that the party must act in good faith and deal fairly. Notwithstanding the right of Deer Ltd. to terminate the Agreement with the Debtor pursuant to the express provisions of the Addendum, Deer Ltd. still had the legal obligation to deal fairly and in good faith with the Debtor, and failure to do so should not be permitted to escape the consequences of such conduct.

In support of its contention that Deer Ltd. acted in bad faith, the Debtor relies on the following undisputed facts: The Addendum stated in paragraph I, "Recipient has *terminated* said agreement in accordance with its terms." It is clear that on April 27th, it did not terminate the Time Warner contract, which appears from the May 4th letter, which states that Time Warner acknowledged the receipt of a letter of termination by Deer Ltd. to Time Warner dated April 30th. This is three days after the execution of the Addendum, which stated that it had already terminated the contract with Time Warner. According to the Debtor, this is a clear indication of bad faith: that Deer Ltd. did not inform the Debtor, when the Addendum was executed on April 27th, that the contract with Time Warner was not yet terminated. The short answer to this proposition is the fact that the facially incorrect statement in the Addendum does not contradict the fact that it was terminated three days after and, that at the time the Addendum was signed, Deer Ltd. did intend to terminate the Time Warner contract.

This Court agrees with the proposition that the party to a contract cannot act in an arbitrary or capricious manner. *Cox v. CSX Intermodal, Inc.*, 732 So.2d 1092 (Fla. 1st DCA 1999). The inference suggested by the Debtor defies common sense and the fact that the actual termination letter was not sent until three days after the April 27th date is without consequence.

Debtor also contends that the actual lawsuit by Time Warner was not communicated to the Debtor until the September 3rd termination letter, even though the Debtor knew since August 17th of the legal action taken by Time Warner concerning the cancellation of its contract. It is without dispute that between May 4th and September 3rd, the Debtor continued with the installation of its equipment; that Deer Ltd. did not tell the Debtor during this time to stop the installation; and apparently expected to use the services of the Debtor and the equipment installed on its property. Concerning the conduct of the parties, in light of the conflicting statements that appear from the affidavits of Mr. Bochis and Mr. Ireland, it would be improper to dispose of the claim of breach of contract and unjust enrichment by summary judgment. Therefore, the Motion addressed to these two counts, Count I and Count IV, and in part Count V, as to the equitable lien with respect to the unjust enrichment count, should be denied and promptly set down for a pretrial conference to prepare the remaining issues for trial.

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment directed to Counts II, III, and a part of Count V be, and the same is here-

by, granted. A partial final judgment shall be entered in favor of Deer Creek against the Debtor dismissing the claims with prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment directed to Counts I, IV, and Count V (only to the extent that the same can be found in conjunction with the unjust enrichment theory) be, and the same is hereby, denied.

ORDERED, ADJUDGED AND DE-CREED that a pre-trial conference shall be held on February 5, 2002, beginning at 9:00 a.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, to consider the matters specifically denied herein.